(118 App. Div. 678)

### SMITH v. HAVENS RELIEF FUND SOCIETY et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. CORPORATIONS—VALIDITY OF INCORPORATION—COLLATERAL ATTACK.

The validity of a corporation created by filing the certificate duly approved as required by law, and thereafter recognized by legislative enactment reciting the objects of its incorporation and increasing its powers, cannot be attacked in an action by an executor and trustee under a will leaving property to the corporation to construe the will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 78.]

2. WILLS—RESTRICTION ON DISPOSITION—CHARITIES—DEVISES AND BEQUESTS TO CORPORATIONS—AMOUNT—STATUTORY LIMITATIONS.

Laws 1848, p. 447, c. 319, limited the amount which corporations organized for benevolent, charitable, etc., purposes might receive by devise, bequest, etc., from testators leaving certain near relatives. Laws 1860, p. 607, c. 360, also limited the amounts which testator leaving such near relatives might devise, etc., to such corporations. *Held*, that Act April 5, 1871 (Laws 1871, p. 601, c. 301), authorizing a certain existing relief fund society to receive by gift, devise, or bequest, "subject to all provisions of law relative to devises and bequests by last will and testament," etc., "any money or property," etc., without being limited, except as to contributions received from persons other than those named in the certificate of incorporation, "to the amounts now limited by law," etc., conferred on such corporation the power to take from one of the persons named in the certificate of incorporation, and who left none of the near relatives named in the acts, property to an unlimited amount.

Appeal from Special Term, New York County.

Action by Isaac P. Smith, as executor, etc., against the Havens Relief Fund Society and others. From the judgment, defendants Harriet Avery Palmer and others appeal. Affirmed.

See 100 N. Y. Supp. 932.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Alfred G. Reeves, for appellants.
George M. Bayne, for respondent Smith.
Leonard S. Wheeler, for respondent Havens Relief Fund Society.
Richard Lockhart Hand, for respondent Jones.
Frank W. Stevens, for respondent Stevens.
Harry E. Newell, for respondent Costello.

CLARKE, J. This action was brought by the plaintiff, as executor of the last will and testament of Charles G. Havens, deceased, and trustee under his will. The purpose of the action was to have determined whether or not certain provisions of the will, creating annuities and providing for their payment by a charge in the first instance upon certain real estate, created valid or invalid trusts. The plaintiff also desired to render his account as executor and trustee and to have the same judicially settled. By their answers a number of the defendants attack the whole will, and especially the twentieth and twenty-first clauses thereof, and ask judgment declaring the various gifts and devises in the will contained to be illegal and void.

Charles G. Havens, the testator, died in the city of New York on January 7, 1888, in his 79th year leaving a last will and testament dated

July 30, 1886.   He was a bachelor, had been for many years a practicing lawyer, and left a substantial fortune.   Upon the probate proceedings all the heirs at law and next of kin of the testator were cited, and many of them, including certain of the defendants (appellants) answered the petition for probate, setting forth substantially the same objections to the will set up in their answers to the complaint in this action.   After a trial the will was sustained by the surrogate (6 Dem. 436), and a decree was entered admitting the will to probate and establishing it as a will of real and personal property.   From said decree an appeal was taken to the General Term of the Supreme Court, which appeal was subsequently dismissed.   Under this decree letters testamentary were issued to Clifford A. Hand, and thereafter and until his death in August, 1901, Mr. Hand, as such executor, carried out the provisions of the will and disbursed over $1,000,000 to the legatees and annuitants and the residuary legatee, the Havens Relief Fund Society. Upon the death of Mr. Hand, letters testamentary were issued to Isaac P. Smith, the plaintiff, who brought the present action.

On the 31st of December, 1870, Mr. Havens and seven associates signed and verified a certificate of incorporation of the Havens Relief Fund Society, stating that:

"Desiring to associate ourselves for benevolent and charitable purposes, and to be an incorporated society as authorized by the laws of the state of New York, do hereby certify in writing.  *  *  *   Second. That the particular business and objects of such society shall be the receipt of such money and property as shall be voluntarily contributed, paid, conveyed, devised, bequeathed, or in any way transferred to the society, and the investment of the same to produce an income, and the application of the income from time to time through corporate or private agencies to the relief of poverty and distress, and especially to affording of temporary relief to unobtrusive suffering endured by industrious or worthy persons, but including the bestowal and distribution of any part of such income to and among benevolent and charitable institutions, objects, or persons such as shall be deemed most useful and deserving or judicious, considering the different modes of application and expenditure or use of the funds and the practical results, and including the right to employ and superintend almoners, without being required or undertaking to act immediately or directly as almoners, and generally in respect to any property received by deed or will for any benevolent or charitable use or purpose, including the right to comply with the directions of the donor in regard thereto."

On the same day a justice of the Supreme Court, in writing, consented that the certificate be filed and the society mentioned be incorporated, and approved of such filing and incorporation, and upon the 3d of January, 1871, the original was filed in the office of the Secretary of State and in the office of the clerk of the city and county of New York. On April 5, 1871, the Legislature passed chapter 301, p. 601, of the laws of that year, which by its terms took effect immediately, entitled "An act increasing the corporate powers of the Havens Relief Fund Society":

"Section 1. The Havens Relief Fund Society, incorporated under the laws of this state and whose purposes or business or objects are [setting forth in ipsissimis verbis the language of the hereinbefore recited certificate of incorporation], is hereby authorized to receive by gift, devise, bequest, subject to all provisions of law relative to devises and bequests by last will and testament or other voluntary contributions, any money or property and to so apply the same to the said purpose of its incorporation or any or either thereof,

without being limited to the amounts now limited by law and to continue the incorporation so long as may be requisite thereto; provided, however, that the amount of such contributions which may be so received from persons other than those named in the certificate of incorporation shall not exceed the amount limited by law for gifts or contributions to associations or corporations for benevolent or charitable purposes."

Mr. Havens was the originator of the scheme of this society, and the certificate of incorporation and the act alluded to were procured at his instance and request. The society had been in active existence from the time of its ·incorporation in 1871 for 17 years at the time of testator's death, and during that period he had contributed for its use upwards of $25,000. In the twentieth clause of his will, executed July 20, 1886, about 18, months before his death, it was provided that:

"All the rest, residue and remainder of my estate and property, real and personal, and wheresoever situated, of or to which I may die seized or possessed or entitled, I give devise and bequeath the same to my said executors upon trust to sell and dispose of the same and convert the same into cash or cash securities or investments and pay over the net proceeds thereof to the Havens Relief Fund Society, a corporation organized under the laws of the state of New York, of which I am and from its beginning have been a trustee, to be held and applied by the said society for the purposes of incorporation thereof, it being my wish, however, that the principal be kept invested and only the income distributed or expended for the charitable purposes of the society, and in this residuary property shall pass and be included all estate and funds and property which by decease of legatees or from other causes shall not be actually required to satisfy the hereinbefore contained provisions of this my will, and all principal sums which shall cease to be required to produce and pay annuities or other charges or sums."

In affirming the judgment here appealed from, it would be unnecessary to add anything to the able opinion of the learned court at Special Term, which we approve and adopt, were it not for the fact that two points have been elaborately presented upon the argument and in the briefs before us in regard to which we deem it proper to add a word to the matters discussed in the opinion below.

The appellants claim that the Havens Relief Fund Society did not attain valid corporate existence under its certificate of incorporation, nor under chapter 301, p. 601, of the Laws of 1871. It is ·quite clear that the validity of the corporation cannot be attacked in this proceeding. · The Havens Relief Fund Society was created by filing the certificate, duly approved in the manner required by law, and in the same year was recognized by legislative enactment reciting the objects of its incorporation and increasing its powers. It commenced the open performance of its functions under color of the authority thus invoked in 1871, and had so acted for 17 years at the time of testator's death, and was· still so acting at the time of the commencement of this suit in 1903, 32 years after its incorporation. There is—

"almost unanimous consensus of judicial opinion * * * that the rightfulness of the existence of a body claiming to act, and in fact acting, in the face of the state as a corporation, cannot be litigated in actions between private individuals and the assumed corporation, but that the rightfulness of the exist-ence of the corporation can be questioned only by the state; in other words, that the question of the rightful existence of the corporation cannot be· raised in a collateral proceeding." 10 Cyc. 256.

See, also, 8 Enc. Law & Pr. 747, 754, 758.

In Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602, when the question was whether a certain corporation could take under a will, the court said:

"Even if defects existed in the proceedings for incorporation, the passage of subsequent acts by the Legislature was a recognition of its incorporation and cured such defects."

In Matter of Trustees of Congregational Church of Cutchogue, 131 N. Y. 1, 30 N. E. 43, the church had petitioned the surrogate to compel the payment to it of a legacy under a will.    The court said:

"Even if a cause of forfeiture appears, that cannot be taken advantage of or enforced in a proceeding like this.  That question can be raised only by the sovereign power to which the corporation owes its life, in some proceeding for that purpose by and on behalf of the sovereignty itself."

To the same effect, People v. Ulster & Delaware R. R. Co., 128 N. Y. 240, 28 N. E. 635; Coxe v. State, 144 N. Y. 396, 39 N. E. 400.

There is no doubt that the society is a valid existing corporation.    It came within the purview of Laws 1848, p. 447, c. 319, as a benevolent and charitable society.  Its certificate complied with all the formalities of the law.   It has been expressly recognized as an existing corporation by the Legislature and its powers increased.   There would seem to be no ground for an attack upon it, even by the state.   There is none by private individuals.

Although a legal and valid corporation, the question still remains. has it the power to take under this will?   Chapter 319, p. 447, of the Laws of 1848, entitled "an act for the incorporation of benevolent, charitable, scientific and missionary societies," the act under which the certificate of incorporation was made, provided that "any five or more persons of full age, citizens of the United States, a majority of whom shall be citizens of this state, who shall desire to associate themselves for benevolent, charitable, scientific or missionary purposes," should, upon making and filing the prescribed certificate, be a body politic and corporate.  The act provided that the corporation should in law be capable of receiving, purchasing, and holding real estate for the purposes of the incorporation, and for no other purpose, to an amount not exceeding $50,000 in value, and personal estate for like purposes to an amount not exceeding $75,000 in value, but the clear annual income from such real and personal estate should not exceed the sum of $10,-000.   Section 6 (page 448) of said act provided that:

"Any corporation formed under this act shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of $10,000, provided no person leaving a wife or child or parent shall devise or bequest more than one-fourth of his estate, after the payment of his debts, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

Chapter 360, p. 607, of the Laws of 1860, provided that:

"No person having a husband, wife, child or parent shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate after the payment

of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more."

These limitations existing at the time of the incorporation of this society, the Legislature by the act above alluded to (chapter 301, p. 601, of the Laws of 1871) provided that this society—

"is hereby authorized to receive by gift, devise, bequest, subject to all provisions of the law relative to devises and bequests by last will and testament or other voluntary contributions, any money or property * * * without being limited to the amounts now limited by law: * * * Provided, however, that the amount of such contributions which may be so received from persons other than those named in the certificate of incorporation, shall not exceed the limit allowed by law for gifts or contributions to associations or incorporations for benevolent or charitable purposes."

Mr. Havens died a bachelor, without leaving a wife, child, or parent, and his will was made 18 months before his death, so that the provisions of neither of the statutes cited, so far as the limitation was fixed upon a proportionate share of his property, apply. As I read the act of 1871, the words "subject to all provisions of law relative to devises and bequests by last will and testament" must be confined to those provisions in the statute cited which prohibit, in case of a man leaving certain near relatives and in a will made less than two months before his death, more than the specified proportion of his estate to a charitable corporation. The other provisions of the act of 1848 which limit the bequest to $10,000, as well as the other limitation in the said act as to the amount that the society may hold, have no force and effect, because the very purpose of this act was to increase the corporate powers of this institution, and it expressly provided that it might take, without being limited to the amounts now limited by law, so far as the persons named in the certificate of incorporation were concerned.

If this interpretation is not correct, it is impossible to discover any reason whatever for the passage of the act. While it is quite true that the act of 1848 not only limited the amount of the bequest, but also the amount of property which the corporation could take and hold, the Legislature had the same power to remove these restrictions as it had to impose them, and that power has been exercised from time to time, both by general and by special statutes. Before the death of the testator the Legislature had by chapter 641, p. 882, of the Laws of 1881, increased the amount of real and personal estate which a charitable association could take and hold to $400,000 in value, with clear annual income of $50,000; but we have no concern with the general statutes. The Legislature conferred upon this corporation the power to take and hold from Mr. Havens, one of the persons mentioned in the certificate of incorporation, properly to an unlimited amount.

The other questions involved in this appeal have been so admirably disposed of in the opinion of the learned court below that nothing further need be added.

The judgment appealed from should be affirmed, with costs to the respondents separately appearing, payable out of the estate. All concur.