In the Matter of the Probate of the Will of MARY E. SHATTUCK, Deceased.

WILLIAM A. COOK, by ROBERT DORNBURGH, His Special Guardian, Appellant; HORACE A. MOSES, as Executor, Respondent.

WILL — INVALID GIFT TO UNCERTAIN BENEFICIARIES FOR UNDEFINED PURPOSE. Since the enactment of chapter 701 of the Laws of 1893, gifts in trust for public charitable purposes are not void for the uncertainty and indefiniteness of the beneficiaries, if the purpose of the trust is defined with sufficient certainty to be carried out by the Supreme Court. But a trust may be so indefinite and uncertain in its purposes, as distinguished from its beneficiaries, as to be impossible of administration.

It is not the purpose of the act to preserve gifts to private institutions or individuals, and where the selection of the beneficiaries of a trust is left to the discretion of the trustee, subject only to the limitation that they shall be "religious, educational or eleemosynary institutions," the trust is void. The word "educational," as used, does not necessarily describe a public or charitable institution within the meaning of the act. There is no declared purpose in making the trust, and the possible devotion of the income of the trust to private use necessarily affects the entire gift and renders it invalid.

*Matter of Shattuck,* 118 App. Div. 888, reversed.

(Argued September 30, 1908; decided November 24, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 24, 1907, which affirmed a decree of the Essex County Surrogate's Court admitting to probate the will of Mary E. Shattuck, deceased, and declaring the eighth clause thereof valid and binding.

Said Mary E. Shattuck died on the 14th day of March, 1906, leaving a last will and testament which has been duly admitted to probate. The eighth clause of said will is as follows : " All the rest, residue and remainder of my real and personal property, I give, devise and bequeath to my executor hereinafter named, in trust, however, the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as

in his judgment shall seem advisable, not more than $500, however, to be paid to any one such institution in any one year."

William A. Cook, an incompetent person and an heir at law and next of kin of said Shattuck, through his special guardian by answer in the proceedings to probate said will, put in issue the validity, construction and effect of said eighth paragraph thereof. From the judgment of the Appellate Division affirming the decree of the Surrogate's Court sustaining the validity of said will and the eighth clause thereof, the appeal is taken to this court.

*Robert Dornburgh* for appellant. Were it not for the enactment of chapter 701 of the Laws of 1893, there could be no serious contention made that the 8th clause of the will is valid as to real or personal estate. That part of the will would fail both on account of the indefiniteness of the beneficiaries and also on account of its contravening the law against perpetuities. (*Fairchild* v. *Edson,* 154 N. Y. 199; *Matter of O'Hara,* 95 N. Y. 403; *Pritchard* v. *Thompson,* 95 N. Y. 76; *Fosdick* v. *Town of Hempstead,* 125 N. Y. 581; *People* v. *Powers,* 147 N. Y. 104; *Tilden* v. *Green,* 130 N. Y. 29; *Read* v. *Williams,* 125 N. Y. 560; *Holland* v. *Alcock,* 108 N. Y. 312; *Allen* v. *Stevens,* 161 N. Y. 122.) The 8th clause in question does not give, grant, devise or bequeath to any " religious, educational or eleemosynary use." It only gives, devises and bequeaths to the executor the residue and remainder in trust, the rents, profits and income thereof to be expended by him annually and to be paid over to " religious, educational or eleemosynary institutions as in his judgment shall seem advisable," not more than $500 to be paid to any one institution in any one year. It does not follow that the uses are to be religious, educational or eleemosynary because institutions of that character are mentioned. Educational institutions are generally not charitable, although public, and are often private, and there is no restriction as to the uses to which the institutions shall put the moneys given

to them. (*Stratton* v. *P. M. Inst.*, 5 L. R. A. 33.) As the provision for the payment of moneys to educational institutions permits their use for any purpose that the institution sees fit, there being no limitation as to "uses" and no provision made for any specified use of any kind, the part of clause "eighth" providing for educational institutions must fail even if the other parts or gifts of the clause do not fail except through its failure. (*Tilden* v. *Green*, 130 N. Y. 29.)

*Edgar T. Brackett* and *H. D. Hoffnagle* for respondent. The 8th clause of the will is valid and effective. (*Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Griffin*, 167 N. Y. 71; *Matter of Graves*, 171 N. Y. 40; *Matter of Watson*, 171 N. Y. 256; *Smith* v. *Cheeseborough*, 176 N. Y. 317; *Bowman* v. *Domestic, etc., Co.*, 182 N. Y. 494; *Mount* v. *Tuttle*, 183 N. Y. 358; *Robb* v. *College*, 185 N. Y. 485; *Matter of Cooney*, 112 App. Div. 659; *Matter of Lampson*, 161 N. Y. 511.)

CHASE, J. The beneficiaries of the proposed trust are most indefinite and uncertain. Many years ago in *Morice* v. *Bishop of Durham* (9 Ves. 399) it was said: "If there be a clear trust, but for uncertain objects, the property that is the subject of the trust is undisposed of; and the benefit of such trust must result to those to whom the law gives the ownership in default of disposition by the former owner."

In England, however, this rule did not hold in cases of trusts for charity and in the same case it was said in connection with the words that we have already quoted, "But this doctrine does not hold good with regard to trusts for charity. Every other trust must have a definite object. There must be somebody in whose favor the court can decree performance."

In this state prior to the statute of 1893, hereinafter further mentioned, all trusts for uncertain beneficiaries were held invalid. In *Levy* v. *Levy* (33 N. Y. 97) this court say: "A 'charitable trust' is simply an indefinite or uncertain trust — a trust without a beneficiary; and certainly a trust of that

description is void by the rules of the common law as it existed at the time of adoption by us, and now exists. If there is a single postulate of the common law established by an unbroken line of decision, it is that a trust without a certain beneficiary who can claim its enforcement, is void, whether good or bad, wise or unwise. This is conceded."

In the last important case in this court involving the validity of a will including a trust for uncertain beneficiaries before the enactment of the statute of 1893 (*Tilden* v. *Green*, 130 N. Y. 29) the court say : " The objection is not obviated by the creation of a power in the trustees to select a beneficiary, unless the class of persons in whose favor the power may be exercised has been designated by the testator with such certainty that the court can ascertain the object or objects of the power."

Chapter 701 of the Laws of 1893 is as follows: "Section 1. No gift, grant, bequest or devise to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall or be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, bequest or devise there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such lands or property shall vest in the supreme court.

" Section 2. The supreme court shall have control over gifts, grants, bequests and devises in all cases provided for by section 1 of this act. \* \* \* The attorney-general shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the court." (As amended by chapter 291, Laws of 1901.)

It was undoubtedly the purpose of the legislature to change the law relating to gifts for charitable uses. In *Allen* v. *Stevens* (161 N. Y. 122) this court referring to that act say : " Prac-

29

tical effect can be given to the provision that no devise or
bequest shall be deemed invalid by reason of the indefinite-
ness or uncertainty of the persons designated as beneficiaries
only by treating it as a part of a general scheme to restore to
the courts of equity the power formerly exercised by chancery
in the regulation of gifts for charitable purposes; for, in
order to ascertain the class of persons who were entitled to
the benefits of the trust, the rule formerly in force must
necessarily be invoked by which the court ascertained as
nearly as possible the intention of the testator, by decree
adjudged who were intended to be the beneficiaries of the
trust and directed its administration accordingly."

It was held in that case in substance that a gift in trust for
charitable uses is not void for uncertainty and indefiniteness
of the beneficiaries named therein, and also that gifts within
the provisions of the act are not subject to our statutes
against perpetuities. This court has since the decision in that
case repeatedly reaffirmed its construction of such statute.
(*Matter of Griffin,* 167 N. Y. 71; *Matter of Graves,* 171
N. Y. 40; *Murray* v. *Miller,* 178 N. Y. 316; *Bowman* v.
*Domestic & Foreign Miss. Society,* 182 N. Y. 494; *Mount*
v. *Tuttle,* 183 N. Y. 358; *Robb* v. *Washington and Jefferson
College,* 185 N. Y. 485; *Rothschild* v. *Schiff,* 188 N. Y. 327;
*St. John* v. *Andrews Institute,* 191 N. Y. 254.)

The residuary clause of the will of the testatrix would have
been void under the law of this state as it existed prior to the
enactment of said statute. It is void now unless it is saved
by the provisions thereof.

The selection of the beneficiaries is left wholly to the judg-
ment, from time to time, of the trustee, and the only limita-
tion upon his discretion is that such beneficiaries shall be
"religious, educational or eleemosynary institutions." In
selecting them the trustee is not confined to any creed,
denomination or territory. The intention of the testatrix in
founding the trust is not expressed. Even if the trustee
selected by the testatrix may be presumed to be familiar with
her purpose and design and to act upon such knowledge, his

death would make it necessary for the court in whom the title to the trust would rest, to direct in regard to its control and disposition.

It is manifest that it is necessary for a testator to define his purpose and intention in making a trust sufficiently so that the court at the instance of the attorney-general representing the beneficiaries, can by order direct in carrying out the trust duty.

Religion is polemic. We have no established religion and as there is no guiding hand in the will to direct in the distribution of the testatrix's bounty, the personal views or religious faith of the attorney-general representing the indefinite and uncertain beneficiaries, or of the judge holding the court for the time being and from time to time, might affect the distribution to be made of the income of the trust fund. The distribution from time to time might thus be contradictory in its purposes and results. It would be possible also to have the bounty of a testator of uncompromising religious views distributed among institutions managed by those having entirely different and antagonistic views.

The act of 1893 doubtless saves a trust from being invalid because the beneficiaries are indefinite and uncertain, but a trust may be so indefinite and uncertain in its purposes as distinguished from its beneficiaries as to be impracticable, if not impossible for the courts to administer.

We make these suggestions for the express purpose of calling attention to the fact that there must be some limitation upon the power of a testator to make a valid trust, if he leaves his objects and purposes undefined and the beneficiaries indefinite and uncertain.

We may assume, however, for the purposes of this decision, that the will is not generally void by reason of the wide discretion left to the trustee and the great uncertainty as to who are to be beneficiaries thereunder, and we may further assume that the words "religious" and "eleemosynary" when used to describe institutions, necessarily show that the work to be performed by said institutions is charitable and pub-

lic, and not private, and that the eighth paragraph of the
will is not so uncertain that the trust cannot be controlled
and directed by the court.

The three classes of institutions to which the income of the
trust fund is directed to be divided are named in the disjunc-
tive. The word "educational" does not necessarily describe
a public or charitable institution and for that reason as we
will show the trust is not saved by the provisions of the act
of 1893.

The intention of the legislature in passing the act of 1893,
was to save to the public, charitable gifts made in trust to
uncertain and indefinite beneficiaries. Gifts for the benefit
of private institutions or individuals were not intended to be
included within its provisions.

The meaning of a charitable use or purpose in England is
stated by Tudor on Charities and Mortmain (4th ed. 37) as
follows: "In the first place it may be laid down as a universal
rule that the law recognizes no purpose as charitable unless it
is of a public character. That is to say, a purpose must, in
order to be charitable, be directed to the benefit of the com-
munity or a section of the community. The distinction
between a public purpose and one which is not public is
often fine. The principle deducible from the cases seems,
however, to be as follows: If the intention of the donor is
merely to benefit specific individuals, the gift is not chari-
table, even though the motive of the gift may be to relieve
their poverty or accomplish some other purpose in refer-
ence to those particular individuals which would be chari-
table if not so confined; on the other hand, if the donor's
object is to accomplish the abstract purpose of relieving pov-
erty, advancing education or religion or other purpose chari-
table within the meaning of the Statute of Elizabeth without
reference to any particular individuals and without giving
any particular individuals the right to claim the funds, the
gift is charitable."

It is defined by Pomeroy in his Equity Jurisprudence (2nd
ed., vol. 2, sec. 1019) as follows: "In order that a trust may

be charitable the gift must be for the benefit of such an indefinite *class* of persons that the charity is really a public and not a mere private benefaction."

In *Sherwood* v. *American Bible Society* (1 Keyes, 561) this court say : " To constitute a charity the use must be public in its nature."

In *Smith* v. *Havens Relief Fund Society* (44 Misc. Rep. 594–608) referring to the law relating to charitable uses, it is said : " It requires that the use shall be public, that the benefit shall be intended not for individuals as such but as representatives of a class ; that the announcement of the altruistic aim shall not be a cover for the bestowal of a private bounty." (Affirmed and opinion adopted and approved, 118 App. Div. 678 ; affirmed without opinion, 190 N. Y. 557.)

In *Attorney-General* v. *Soule* (28 Mich. 153) a will directed the setting apart of $10,000 to be expended according to the directions of the executors, " For the establishment of a school at Montrose for the education of children." It was held that the provision was so uncertain and indefinite as not to bind the trustees to an application of the fund to *public charity* or even perhaps to charity at all as recognized in courts of equity, but clothed them with a discretion broad enough to permit of their applying the fund to a private school.

In *Stratton* v. *Physio-Medical College* (149 Mass. 505) the will gave one-fourth of the net income of the residue of testator's property to the defendant to be used for the promotion of the medical art as favored and believed in by the testator during his lifetime and in support of that institution as the trustees thereof should from time to time determine. It appeared that the supposed corporation in the mind of the testator was neither free nor a public school, but a private pecuniary enterprise. It was held that such an enterprise is not a public charity even if indirectly it serves charitable ends.

In *Haynes* v. *Carr* (70 N. H. 463) the gift of the income of the trust there considered was given " For the benefit of the poor and destitute in said state of New Hampshire and for charitable and educational *purposes* therein."

Although the trust was sustained as for *charitable purposes,* the court say : " It is undoubtedly the law in most states that where property is given to trustees with power to apply it either to uses which are or those which are not within the classes included in charities the whole must fail so far as the application of the peculiar doctrines of charitable uses is concerned."

Every charitable gift must be actually dispensed by some individual and ultimately substantially every charitable fund must be applied to the relief of individual need, but the trust cannot for the reasons stated be made for individual beneficiaries as such. The general purpose of the trust must be the well being of humanity or some specified but indefinite class or part thereof.

Fowler, in his work on Charitable Uses, says (p. 106): "As we have no statute defining what are religious, educational and charitable uses and this statute (act of 1893) refers to none other than such as may be so classed, the courts must now determine what gifts are within the statute."

In view of the quite universal rule that charitable uses and public uses are synonymous, and the title of the act which is " An act to regulate gifts for charitable purposes," we repeat that the legislature intended to preserve charitable gifts made in trust to uncertain and indefinite beneficiaries, but did not intend to include in the purpose of the act gifts to private institutions or individuals.

An *institution* is an established or organized society or corporation. It may be private in its character, designed for profit to those composing the organization, or public and charitable in its purposes. An institution is a mere organism for the accomplishment of an object, and the existence of such organism cannot in the nature of things make such object definite. (*Thomson* v. *Norris,* 20 N. J. Eq. 524.) The use of the word "institution" does not point to a public as distinguished from a private organization, and there is nothing whatever in the will, except in the words "religious, educational and eleemosynary," that points in the slightest degree

to a charitable use. The will does not in terms refer in any way to the *use* to be made of the income of the trust fund. Such income is not in terms devoted to any purpose or object, and there is no direction by the testatrix to the institutions to which the income on the trust fund is paid as to what use they shall make of such gift. Its devotion to charity is dependent upon the object and purposes of the several institutions which by the grace of the trustee may become the beneficiaries thereof.

An educational institution is not necessarily a public or charitable institution. Such an institution may be organized under the Business Corporations Law of this state as a stock corporation and be conducted wholly for the profit of the stockholders. Such corporations are frequently organized under the general laws of this state. A few years ago the Session Laws of our state frequently contained special acts incorporating private educational institutions. Private incorporated and unincorporated schools are less frequent than they were before the public schools of this state had become as efficient and satisfactory as they are at the present time, but private schools are maintained in every part of our state.

Under the will of the testatrix the trustee could make a division of the proceeds of the trust fund which would be in whole or in part private and individual and not public and charitable. Even a school, unless it be a free school, does not come within the Statute of Charitable Uses, 43 Eliz. (*Robertson* v. *Bullions*, 9 Barb. 64.)

A corporation or association organized for educational work is not exempt from taxation by the statutes of our state if the officers, members or employees thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof. (Tax Law [chap. 908, Laws of 1896], sec. 3, sub. 7, as amended by chapter 478 of the Laws of 1907.)

It is suggested in the opinion of the Appellate Division (118 App. Div. 888) that the Supreme Court can be appealed to at any time to require that the gift shall not be taken or used by any society for a purpose not contemplated by the

statute or by the testatrix. The statement of the court, it seems to us, entirely overlooks the fact that there is no declared purpose of the testatrix in making the trust. Where a trust fund is by a will dedicated to the purposes contemplated by the act, then the act by express terms gives to the Supreme Court control over it, and the attorney-general, representing the beneficiaries, can enforce the trust by proper proceedings before the court.

In this will the testatrix, without defining the use to which the income of the trust fund is to be applied, directs generally that it be paid over to such particular ones of certain institutions as in the judgment of the trustee seems advisable. The power of the court to control the trustee is bounded by the directions of the testatrix. It cannot add to or take from the terms of this will properly construed any more than it could if the testatrix had specified by name the particular institutions entitled to the income of the trust fund, and she had included among them one or more manufacturing or transportation corporations. The possible devotion of the income of said trust in whole or in part to private use necessarily affects the entire gift and requires that the same shall be held invalid.

The judgment of the Appellate Division and the decree of the Surrogate's Court, so far as it holds the eighth paragraph of the will valid and binding should be reversed and the eighth paragraph of the will should be declared invalid, with costs to the appellant and respondent payable out of the estate.

Cullen, Ch. J., Haight, Vann, Werner and Hiscock, JJ., concur; Edward T. Bartlett, J., dissents upon the ground that chapter 701 of the Laws of 1893, as construed by this court, renders the eighth paragraph of the will valid.

Judgment reversed, etc.