# THE

# NEW YORK SUPPLEMENT

## VOLUME 141

(80 Misc. Rep. 306.)

### WARBURTON AVE. BAPTIST CHURCH v. CLARK et al.

(Supreme Court, Special Term for Trials, Westchester County. April 16, 1913.)

CHARITIES (§ 22*)—CERTAINTY AS TO PURPOSE—INDEFINITENESS.·

Where decedent made a savings bank deposit in her name, "in trust for 'Benevolent Object' Warburton Avenue Baptist Church of Yonkers, N. Y." the trust could not be held to have been created for the general benefit of the church, nor for its benevolences in general, and was therefore void for failure to specify the "benevolent object" intended, and, being impossible of administration, was not saved by Personal Property Law (Consol. Laws 1909, c. 41) § 12, nor Real Property Law (Consol. Laws 1909, c. 50) § 113.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 51–56; Dec. Dig. § 22.*]

Action by the Warburton Avenue Avenue Baptist Church against George Clark, as administrator, etc., of Almira Clark, deceased, and the Yonkers Savings Bank. Judgment for defendants.

James M. Hunt, of New York City, for plaintiff.

Charles De Hart Brower, of New York City, for defendant administrator.

S. H. & S. F. Thayer, of Yonkers, for defendant Yonkers Savings Bank.

TOMPKINS, J. The plaintiff is a domestic religious corporation, and brings this action against the administrator of the goods, etc., of Almira Clark, deceased, and the Yonkers Savings Bank, to recover the balance of a deposit with said savings bank. In 1903 the said Almira Clark, deceased, had her account in said savings bank changed to read as follows:

"In trust for 'Benevolent Object' Warburton Avenue Baptist Church of Yonkers, N. Y."

The deposit slip by which Mrs. Clark ordered the change does not have the words "benevolent object" quoted or capitalized, but the pass book reads as follows:

"Almira Clark. In trust for 'Benevolent Object' Warburton Ave. Bapt. Church of Yonkers."

And her possession and retention of the book in that form for more than eight years requires the court to find that the title of the account, as shown thereby, correctly expresses her intention. The plaintiff insists that the words "Benevolent Object" indicate the decedent's understanding that the gift to the church was to a "benevolent object," and that these words should be considered by the court as referring to the Warburton Avenue Baptist Church as a benevolent object, and that the decedent intended to make that church a gift without any conditions attaching thereto; while the claim made on behalf of the defendant Clark, as administrator, is that the gift was to the church for some particular benevolent object, which is not disclosed, and that the gift must fail, because indefinite and uncertain and impossible of administration.

While the plaintiff no doubt does engage in benevolent and charitable work, its primary purpose is to minister to the spiritual needs of its members, by regular religious services, for the support of which the members of the church and society make regular contributions, which go into the general fund of the church, which is handled by its board of trustees. This general fund of the church is used for the payment of salaries, the upkeep of the church property, and for the maintenance of all the temporal affairs of the church and society. Besides this general fund, I may assume, because it is a matter of common knowledge, that there are missionary funds, foreign and domestic, to which contributions are made from time to time by members of the church and congregation, and by others who may care to contribute; and besides the plaintiff may carry on charitable and benevolent enterprises and engage in social activities within and outside of the church. I assume the church has a poor fund, as is usual in Baptist churches, and incidental to the regular church work there may be benevolences supported by the church or by societies within the church.

It seems to me quite clear that Miss Clark did not intend to make a gift to the church for its general purposes; but that her intention was to give the fund to the church for some benevolent object. The general church work is not primarily the work of benevolences. Such purposes are incidental only to the general church work.

It is conceded by the defendant, and is without question the law, that if the account had been "Almira Clark, in trust for Warburton Avenue Baptist Church," it would have been perfectly good, and the plaintiff would have been entitled to the amount on deposit. The decedent must be presumed to have known that, to effectuate a gift to the church for its general purposes, it was only necessary to put the account in her own name in trust for Warburton Avenue Baptist Church. Instead of putting the account in that simple and effective form, she is particular to state that it is in trust for "benevolent object," not objects, which might well have been construed to mean all the purposes and objects of the church; but by using the word "object" she seems to have had in view some one benevolent or charitable object or purpose, of which there may have been many carried on by the plaintiff.

I have very reluctantly reached the conclusion that this trust is void, because it is too indefinite and uncertain, in that the particular object or purpose of the trust is not given, and that therefore it is impossible or impracticable to administer it.

Sections 12 of the Personal Property Law (Consol. Laws 1909, c. 41) and 113 of the Real Property Law (Consol. Laws 1909, c. 50) are very broad in their scope and effect; but they do not save a trust that is—

"so indefinite and uncertain in its objects and purposes, as distinguished from its beneficiaries, as to be impracticable, if not impossible, for the courts to administer." Matter of Compton, 72 Misc. Rep. 289, 131 N. Y. Supp. 183; Matter of Seymour, 67 Misc. Rep. 347, 124 N. Y. Supp. 637.

In the Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455, the Court of Appeals said:

"Since the amendment of chapter 701, Laws of 1893, gifts in trust for public charitable purposes are not void for the uncertainty and indefiniteness of the beneficiaries, if the purpose of the trust is defined with sufficient certainty to be carried out by the Supreme Court. But a trust may be so indefinite and uncertain in its purposes, as distinguished from its beneficiaries, as to be impossible of administration. * * * It is not the purpose of the act to preserve gifts to private institutions or individuals, and where the selection of the beneficiaries of a trust is left to the discretion of the trustee, subject only to the limitation that they shall be 'religious, educational or eleemosynary institutions,' the trust is void. * * * It is manifest that it is necessary for a testator to define his purpose and intention in making a trust sufficiently so that the court, at the instance of the Attorney General, representing the beneficiaries, can by order direct in carrying out the trust duty. * * * The act of 1893 doubtless saves a trust from being invalid because the beneficiaries are indefinite and uncertain; but a trust may be so indefinite and uncertain in its purposes, as distinguished from its beneficiaries, as to be impracticable, if not impossible, for the courts to administer. We make these suggestions for the purpose of calling attention to the fact that there must be some limitation upon the power of a testator to make a valid trust, if he leaves his objects and purposes undefined and the beneficiaries indefinite and uncertain."

I have reached the conclusion that the decedent intended the gift the be for some object or purpose other than general church purposes—i. e., the support of the church and its stated religious services; and it follows, under the authorities, that the attempted gift must be declared invalid, because it does not appear for what particular benevolent object or purpose it was intended. In other words, it cannot be ascertained, from the language used by the decedent in attempting to create the trust, for what particular benevolent or charitable work of the plaintiff the money was to be used; and it follows, therefore, that the declaration of trust is too indefinite and uncertain to be enforced, and that the judgment herein should direct the Yonkers Savings Bank to pay the balance of the account to the defendant Clark, as administrator, etc., of the deceased, but without costs.

Submit findings and judgment in accordance herewith.