In the Matter of the Estate of CATHELINA E. GROOT, Deceased. KATHERINE B. GROOT, as Administratrix with the Will Annexed, etc., Appellant; EGBURT E. WOODBURY, Attorney-General, Respondent.

*(Supreme Court, Appellate Division, Third Department, June 30, 1916.)*

REAL PROPERTY—WILL—VALIDITY OF TRUST FOR CHARITABLE PURPOSES.

A provision of a will leaving the residue of an estate both real and personal to a trustee ''To invest and reinvest the same and collect the income thereof, and from and out of the principal sum so invested and the income and interest collected as aforesaid, from time to time make such reasonable charitable donations, contributions or gifts, to such persons, corporations, associataions or institutions in the Town of Guilderland, Albany County, N. Y., as may, in the judgment of my said Trustee be in need and worthy thereof, he having been fully advised of my. purposes and inclinations in that respect,'' constitutes a valid trust for charitable purposes under the Personal Property Law, section 12, and Real Property Law, section 113.

APPEAL by Katherine B. Groot, as administratrix with the will annexed of Cathelina E. Groot, deceased, from a. decree of the Surrogate's Court of Albany county, entered in the office of said Surrogate's Court on the 23d day of December, 1915, construing and holding valid the 10th item of said will.

William E. Woollard (Michael D. Reilly of counsel), for the appellant.

Egburt E. Woodbury, Attorney-General (Alex. T. Selkirk, Deputy Attorney-General, of counsel), for the respondent.

KELLOGG, P. J.— By the 10th item of the will the residue of the estate, both real and personal, is given to a trustee: " To invest and reinvest the same and collect the income thereof, and from and out of the principal sum so invested and the income and interest collected as aforesaid, from time to time make such

reasonable charitable donations, contributions or gifts, to such persons, corporations, associations or institutions in the Town of Guilderland, Albany County, N. Y., as may, in the judgment of my said Trustee be in need and worthy thereof, he having been fully advised of my purposes and inclinations in that respect."

The administratrix with the will annexed, the sister and sole heir at law and next of kin of the testatrix (who is not mentioned in the will), contends that the above provision is void within Matter of Shattuck (193 N. Y. 446). The respondent lies with confidence upon Matter of Robinson (203 N. Y. 380) and Matter of Cunningham (206 id. 601).

These cases construe the statutes which provide, in substance, that no gift, grant, or bequest, or devise to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this State, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same; the charges upon the Supreme Court, when necessary, the control and administration of such trusts. (Personal Property Law, § 12; Real Property Law, § 113.)

In Matter of Robinson (*supra*) the provision of the will under consideration directed the trustees "to disburse the principal or interest, or both, of said fund in their discretion as follows, to wit: To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need of the same. Preference is to be given to persons who are elderly or disabled from work, and to persons who are Christians, of good moral character, members of one of the so-called evangelical churches, to wit, the Methodist, Baptist, Presbyterian, Congregational, Moravian or Episcopal, and who are not addicted to the use of intoxicants or tobacco, nor to attendance at theatrical entertainments."

In that case a gift to an institution was not contemplated, but provision was made for persons whom the trustees found to be in need, and the will was held valid.

In Matter of Cunningham (*supra*) the trust fund given to the executors was " to be by them applied in their best judgment and discretion to such charitable and benevolent associations and institutions of learning, for the general uses and purposes of such associations and institutions as my said executors may select, and in such sums respectively as they may deem proper." There the gift was not to be made to needy persons but to charitable, benevolent and educational institutions, clearly for the benefit of such needy persons, and the will was sustained.

In Stewart v. Franchetti (167 App. Div. 541) the testatrix gave a sum to her daughter Alice, adding, " It being understood between us that she has to spend said amount in charity, both in the Kingdom of Italy and in the City of New York." This was held to be a gift for charitable uses and to create a valid trust.

It is unnecessary to consider whether the Robinson case and the Cunningham case are in strict accord with the Shattuck case, for if there is a disagreement between them in any respect the latter cases are the present law. The will in question contemplates the use of the money for charitable purposes only. The testatrix had no other intent. The trustee cannot part with the money except for charitable gifts to the needy and worthy. A corporation cannot be selected as a beneficiary unless it accepts the gift as a charitable one, and is in need and worthy of it. It cannot accept it for any other purpose than a charitable purpose, and the Supreme Court has the power and is charged with the duty of seeing that the moneys shall be devoted solely for charitable purposes among the needy and worthy. A worthy person, corporation, association or institution cannot have the benefit unless in need, and no person, cor-

poration, association or institution can have any part of it except as a charitable gift; that is, for a charitable use. The use of the word " need " emphasizes the charitable uses which the testatrix had in mind, as explained in Matter of Robinson (203 N. Y. 386).

We conclude, therefore, that the will devotes the remainder of the testatrix's estate to charitable uses, and is valid within the statutory provisions and the authorities cited.

The words in the will " he having been fully advised of my purposes and inclinations in that respect " do not, in my judgment, affect to its disadvantage the validity of the will. It may be urged that the execution of the trust depends upon an undisclosed direction given by the testatrix to her trustee, and that the court cannot, therefore, say that the charitable purposes intended are fairly within the statute. We do not think the fund is put into the hands of the trustee to be paid according to verbal instructions given by the testatrix. The will places it in the judgment of the trustee to bestow the charity upon the needy and worthy. The judgment of the trustee, and not the statement made to him by the testatrix, controls the disposition of the fund.

We quote from Matter of Shattuck (193 N. Y. 450) : " The intention of the testatrix in founding the trust is not expressed. Even if the trustee selected by the testatrix may be presumed to be familiar with her purpose and design, and to act upon such knowledge, his death would make it necessary for the court, in whom the title to the trust would rest, to direct in regard to its control and disposition." In the light of that expression we cannot feel that this clause is to the prejudice of the trust.

The decree should be affirmed, with costs.

Decree unanimously affirmed, with costs.