Rhode Island Hospital Trust Co. *Ex. vs.* Isabel Harris
Metcalf, *et al.*

JUNE 18, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Wills.  Charitable Trusts.  "Institution."*

Testamentary bequest of residue to trustee to make certain payments for
life and after death of last beneficiary to pay over entire income as directed
by another clause of will.   Latter clause directed trustee to pay over income
to such institution or institutions in the State as in its sole discretion it
should deem proper, provided such institutions should be recognized by the
Board of Education of the State and should have an established course in
either technical industrial household or domestic training:—

*Held,* from an examination of the will it was apparent that intention of
testatrix was to aid boys and girls in obtaining an education rather than
to make a gift for the benefit of persons who were conducting schools for
profit.

*Held,* further, that in the use of the word "institution" the will showed
that testatrix intended an educational institution public in its nature.

*Held,* further, that the trusts created under the will were valid charitable
trusts.

Bill in Equity for construction of will.   Certified under
Cap. 339, sec. 35, Gen. Laws, 1923.

Rathbun, J.   This is a bill in equity brought in the
Superior Court by the executor of the will of Emma G.
Harris, late of Woonsocket, Rhode Island, deceased, for the
construction of the twelfth and fourteenth clauses thereof
and for instruction relative to the duties of the executor.
The cause being ready for hearing for final decree was, as
required by Sec. 35, Chap. 339, G. L. 1923, certified to this
court for determination.

By the twelfth clause the testatrix devised and bequeathed
the residue of her estate to the complainant in trust to make
certain annual payments from the income to individual
beneficiaries for life, and after the death of the last survivor
of them, to pay over and apply the entire income as directed
in the fourteenth clause.   By the fourteenth clause the
trustee is directed to pay over and apply any and all of the
balance of the net income of said estate, including any

augmentation thereof on account of the decease of the individual beneficiaries, to such institution or institutions in the State of Rhode Island as, in its sole discretion, it shall deem proper, provided that said institution or institutions shall be recognized by the Board of Education of said State and shall have an established course in either technical, industrial, household or domestic training.

The bill prays that the executor may be advised relative to the following questions: (a) Whether the trusts created by the twelfth and fourteenth paragraphs of said will constitute a valid use or trust. (b) Whether the provisions contained in the fourteenth paragraph of said will constitute a valid charitable use or trust. (c) What disposition the executor shall make of the principal and income of said residue if it be found that the provisions of said will relating to the establishment of said trust are invalid in any respect.

The respondents, other than the Attorney General, are the testatrix's heirs at law who contend that the provisions of said fourteenth paragraph permit the trustee to pay over the net income to schools conducted for private gain, for the use of the proprietors thereof, and that therefore said provisions constitute a private trust which is void because of being in perpetuity.

The question is whether the testatrix intended that the income should be devoted exclusively to public charities. The gift to the trustee being in perpetuity is invalid if the income may be devoted to a private use, but is valid if the income may be applied only to a charitable use. "A charitable trust may be in perpetuity but a private trust can not be." *Sherman* v. *Baker*, 20 R. I. 446. See also *Williams* v. *Herrick*, 19 R. I. 197; *Shippee* v. *Industrial Tr. Co.*, 43 R. I. 115. In *Mason* v. *Perry*, 22 R. I. 494, the court said: "It is settled that, in order to create a valid charitable trust in perpetuity, the language employed must require the fund to be expended for charitable purposes only and it must not be left in the discretion of the trustees to spend the money for a charitable or non-charitable purpose."

It is well settled that gifts for the advancement of education, science and the useful arts, without particular reference to the poor, are charities. *Matter of MacDowell,* 217 N. Y. p. 454. The purpose is charitable if it be the promotion of public learning and not private benefit. The endowment of a public educational institution is a public charity but a gift to and for the use of a school conducted for profit is not. *Butterworth* v. *Keeler,* 219 N. Y. 446.

If the intention of a testator can be determined it must be carried out, unless it be in violation of some established rule of law, and in ascertaining the intention the court will examine the entire will. The language of the fourteenth paragraph is as follows: "Upon mature consideration I am satisfied that assistance in the education of boys and girls in technical, industrial, household and domestic training is a most worthy and commendable object. I do therefore *will* and *direct* that the balance of the net income, including any augmentation thereof, through the decease of any of the individual beneficiaries hereinabove named, (but subject to the interests of any child or children of my nephews during their respective lives), shall be by my said executor and trustee paid over and applied to such institution or institutions in the State of Rhode Island as they in their sole discretion may deem proper, provided that in making such payment the institution or institutions to which the same shall be made, shall have an established course in either technical, industrial, household or domestic training, and shall be recognized by the Board of Education for the time being of the State of Rhode Island. And I do will and direct that the corpus or capital of my residuary estate so held by my trustee (subject to the life estates hereinabove given), shall be called and known as the 'Edward Harris and Abby Metcalf Harris Foundation under the will of Emma G. Harris.'" If the first sentence of the said paragraph were eliminated, the argument of counsel for the heirs would be more plausible but said sentence clearly shows an intention to render aid to boys and girls in obtain-

ing an education rather than to make a gift for the benefit of persons who are conducting schools for profit. Otherwise there appears to be no reason for using the sentence. The language is: "Upon mature consideration I am satisfied that assistance in the education of boys and girls . . . is a most worthy and commendable object." She does not say "I am satisfied that assistance in the education of boys and girls is a commendable object *but,* I am going to do something entirely different." After stating that such assistance is a worthy and commendable object she continues by commencing the following sentence with the words: "I do therefore *will* and *direct,*" etc., showing an intention to accomplish such a "worthy and commendable object". By the fourteenth clause the testatrix directs her executor and trustee to pay over the income to some institution or institutions recognized by the State Board of Education as having certain specified courses of training. The will does not state the use to which the income must be applied by the institution or institutions. The heirs contend that the word "institution" applies to private as well as to public schools and that the language authorizes the executor and trustee to pay over the net income to and for the use of a private school. The general meaning of the word "institution" implies an organization for public and not for private use. Webster's New International Dictionary defines the word as follows: "An establishment; an established or organized society or corporation; an establishment, esp. one of a public character, or one affecting a community; a foundation; as, a literary institution; a charitable institution."

In the *Matter of Fraschs' Estate,* 245 N. Y. 174, the court said: "The meaning of the word 'institutions' is not so fixed that necessarily it must be held to include corporations organized for private as well as public purposes. Indeed when not used in context indicating a broader definition it may well be held to denote primarily organizations created for a public purpose. . . . 'At least where intention to

provide for a public charitable use may be inferred, the word "institution" need not be given a construction which contravenes that intention. (*Matter of Smith*, 36 Times .L. Reports, 416.)' "

The respondents rely chiefly upon *In re Shattuck's Will*, 193 N. Y. 446, in which case the court stated as follows: "'The use of the word 'institution' does not point to a public, as distinguished from a private organization, and there is nothing whatever in the will, except the words 'religious', 'educational', or 'eleemosynary', that points in the slightest degree to a charitable use." If the meaning of the word "institution" is not clear, the will before us, as we have already pointed out, contains language showing an intention to benefit not a school conducted for private profit but an educational institution, which is public in its nature, and thereby render aid to boys and girls in obtaining an education. Later decisions of the New York Court of Appeals have stated that the Shattuck case lays down no principle of large and general application and that the principles therein stated must be confined to the special facts in the case. *Matter of MacDowell*, 217 N. Y. 454; *In re Fraschs' Estate*, 211 N. Y. Supp. 635, affirmed by the Court of Appeals in 245 N. Y. 174.

Our decision is that the trusts created by the twelfth and fourteenth paragraphs of the will are valid and that the provisions contained in the fourteenth paragraph constitute a valid charitable trust and the complainant is advised accordingly.

The parties may, on June 21, 1927, present a form of decree in accordance with this opinion.

*Tillinghast & Collins, William R. Tillinghast, James C. Collins,* for R. I. Hospital Trust Co.

*Charles P. Sisson, Attorney General, pro se ipso.*

*Emerson & Mason,* for respondents.

*Albert N. Peterson,* Guardian *ad litem.*

*Ovila Lambert, City Solicitor,* for City of Woonsocket.