In the Matter of the Estate of KATHERINE B. JUDD, Deceased.

Surrogate's Court, New York County, May 22, 1934.

*Norwood & Walsh* [*Thomas L. Walsh* and *Edward C. Vannaman* of counsel], for the executors.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer, Assistant Attorney-General,* of counsel], for the State of New York.

DELEHANTY, S.  On this executors' accounting it is necessary to pass upon the terms of paragraph fourth of the will.  This paragraph bequeaths in trust to Johns Hopkins Hospital of Baltimore, Md., the sum of $30,000 with direction that out of the income there shall be paid each year $1,000 to the person who in the judgment of the trustees of the hospital shall have made the greatest advancement toward the discovery of a cure for cancer.  The paragraph then provides that the net income then remaining is to be paid to the hospital for the relief of cancer patients and provides further that whenever the trustees of the hospital are satisfied that the cure for cancer has been discovered and perfected one-half of the principal is to be distributed to the hospital for use in research work or in the relief of cancer patients and the other half is to go to the person or persons who discovered and perfected such cure for cancer.

The board of trustees of Johns Hopkins Hospital, by resolution duly adopted, have renounced all right and claim to the fund provided by this paragraph and have declined the appointment as trustee.  This action is predicated upon the difficulty which would confront the hospital in carrying out the provisions of the trust.

The court directed that a supplemental citation issue to the Attorney-General.  The latter now contends that the trust is charitable and that this court should designate a new trustee to carry out the provisions of the trust.  He cites in support of his position *Matter of Frasch* (245 N. Y. 174); *Matter of Rockefeller* (177 App. Div. 786) and *Mercer* v. *Chamberlain Institute* (187 id. 763).  The cases cited seem to the court to require a holding that the trust is invalid.  It must be sustained as a whole or must fall.  It cannot be sustained as a whole because by its terms it provides plainly for a gift to an individual or individuals for his or their own use.  Citing *Matter of MacDowell* (217 N. Y. 454), the Court of Appeals in *Matter of Frasch* (*supra*) said: " Benevolent motive or a purpose to confer a general benefit does not bring a trust within the terms of the statute if the trust permits a use which is ' personal, private or selfish.' "  This paragraph not only permits but directs payment for individual benefit.  On the authority of *Matter of Shattuck* (193 N. Y. 446, 456) the trust must be held invalid.  To the same effect, see *Matter of DeForest* (147 Misc. 82).  The trust principal falls into the residuary as undisposed of property.

Submit decree construing the will and settling the account accordingly.