In the Matter of HERBERT D. BANK et al., Appellants, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, November 12, 1970.

*Kohn, Bookstein & Karp* (*Isodore Bookstein* of counsel), for appellants.

*Robert D. Stone* (*Donald O. Meserve* and *John P. Jehu* of counsel), for New York State Education Department and others, respondents.

*Carb, Luria, Glassner, Cook & Kufeld* (*William M. Kufeld* of counsel), for Health Insurance Plan of Greater New York and another, respondents.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered November 4, 1968 in Albany County, which dismissed petitioners' application in a proceeding under article 78 of the CPLR, to annul a determination of the New York State Board of Pharmacy, which issued a certificate of registration to operate a pharmacy to H. I. P. Drug Plan, Inc.

The H. I. P. Drug Plan, Inc. was incorporated as a nonprofit membership corporation on December 7, 1967. Thereafter, the corporation applied to the New York State Board of Pharmacy for a certificate of registration to operate a pharmacy at 625 Madison Avenue, New York City. (Education Law, §§ 6801–6805.)

On or about July 2, 1968, a certificate of registration to operate a pharmacy was issued to respondent corporation. The corporation was formed for the purpose of providing prepaid drugs to subscribers of the Health Insurance Plan of Greater New York (H.I.P.) who, under the medical insurance plan, could elect an option to obtain prepaid prescription drug benefits, or present the prescriptions to a pharmacy of the subscriber's choice, the cost of which would be reimbursed by H. I. P. to the extent of 80% of the total cost of all prescriptions in excess of the first $25 expended.

After the application had been submitted to the Board of Pharmacy, the "Emergency Committee for Pharmacy and

Public Health'' representing owners and operators of pharmacies in the City of New York requested that the Department of Education conduct a hearing before taking action on the application to afford the Emergency Committee an opportunity to present its opposition to the application. The request for a hearing was denied.

The sole issue on this appeal is whether or not the approval of the certificate of registration issued to H. I. P. Drug Plan, Inc. to operate a pharmacy was arbitrary, capricious or illegal. The principal argument of the appellants is to the effect that the incorporation of the H. I. P. Drug Plan, Inc. is illegal, and violates the provisions of the Membership Corporations Law, the Business Corporation Law, and the Insurance Law of the State of New York.

Appellants contend that there is no authority for a membership corporation to engage in the operation of a retail pharmacy and, since the purpose stated in the certificate of incorporation herein is purely a business purpose, it was illegally incorporated as a membership corporation.

Assuming, *arguendo,* that the certificate of incorporation of H. I. P. Drug Plan, Inc. was improperly approved and filed by the Secretary of State, the issue as to its validity may not be properly raised in this proceeding. The approval of the certificate by a Justice of the Supreme Court and the acceptance of the certificate of incorporation by the Secretary of State cannot be attacked collaterally.

Section 91 of the General Corporation Law provides for an action by the Attorney-General to annul the existence of a corporation which is existing or operating illegally, and '' that the rightfulness of the existence of the corporation can be questioned only by the State; in other words, that the question of rightful existence of the corporation cannot be raised in a collateral proceeding.'' (*Smith* v. *Havens Relief Fund Soc.,* 118 App. Div. 678, 682, affd. 190 N. Y. 557; cf. *People ex rel. Vivisection Investigation League* v. *American Soc. for Prevention of Cruelty to Animals,* 20 A D 2d 762, affd. 15 N Y 2d 511; *People* v. *Abott Maintenance Corp.,* 11 A D 2d 136, affd. 9 N Y 2d 810.) Appellants consequently have no standing to raise the issue of the legality of the existence of H. I. P. Drug Plan, Inc. as a membership corporation.

Appellants further contend that it was unreasonable for the State Board of Pharmacy to refuse a hearing to the Emergency Committee for the purpose of opposing the application for the certificate of registration to operate a pharmacy. Since there is no statutory provision requiring a hearing, and since economic

competition is not a factor to be considered by the State Board of Pharmacy on such an application, the Emergency Committee had no standing or right to be heard before the board. The contention that appellants might be adversely affected by the issuance of a certificate of registration to operate a pharmacy as a result of increased competition, is insufficient to give the appellants legal standing to contest the issuance of such certificate.

In *Matter of Nostrand Check Cashing Co.* v. *Clark* (27 Misc 2d 799, 800, affd. 13 A D 2d 922), the court stated: "The mere fact that a person is a licensee in an industry is not sufficient to entitle him to be heard as a matter of constitutional right before others are admitted into the industry and possible economic injury to petitioner does not encloak it with the status of an 'aggrieved person'. * * * Our process of law does not guarantee freedom from the economic injury which may result from competition. (*Hegeman Farms Corp.* v. *Baldwin*, 293 U. S. 163, 170–171.) " (See, also, *Matter of Franklin Nat. Bank* v. *Superintendent of Banks of State of N. Y.*, 40 Misc 2d 565, affd. 20 A D 2d 682.)

Accordingly, the appellants have no legal standing to maintain this proceeding to review the issuance of the certificate of registration to operate a pharmacy to another, merely because of the economic effect upon them and the additional competition which would result.

The judgment should be affirmed, with one bill of costs to respondents.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed, with one bill of costs to respondents.