(30 Misc. Rep. 573.)

## In re FOSTER'S ESTATE.

(Surrogate's Court, New York County. February, 1900.)

**1. SURROGATE'S COURT—TRUSTS—APPLICATION FOR PAYMENT—INCOME.**

Since the surrogate's court has no power to entertain an application to instruct a trustee as to the manner of the execution of his trust, an application by beneficiaries under a will to direct a trustee to pay certain legacies will be considered as made under Code Civ. Proc. § 2804, authorizing the surrogate to direct such payment out of the income.

**2. SAME—REIMBURSEMENT OF PRINCIPAL.**

Under Code Civ. Proc. § 2804, authorizing the surrogate to direct payment to a beneficiary out of the income in his hands, such income will not be paid to beneficiaries where it is needed to reimburse the corpus of the estate for expenditures made therefrom.

**3. BENEFICIARIES—INTEREST—ASSIGNMENT—APPEARANCE.**

Where beneficiaries under a trust attempted to assign income to which they would be entitled in futuro, the surrogate will not direct payment of such income to the assignee, on the mere appearance of the latter's attorney as the attorney in fact of such beneficiaries, as authorized by the assignment, without citation of the beneficiaries, or the acquisition of jurisdiction over them in some other manner.

Application by a beneficiary under the will of John Foster, deceased, on behalf of himself and other beneficiaries, against trustees, to require payment of certain legacies. Denied.

Charles W. Lefler, for petitioner.

Delafield, Gould & Longfellow, for trustees.

H. S. Chatfield, for J. E. Foster.

FITZGERALD, S. As there is no power in this court to entertain an application seeking or requiring instructions or directions to be given to a trustee as to the manner of the execution of his trust, I have treated this as an application made under section 2804 of the Code of Civil Procedure. That section only authorizes the surrogate to direct a payment out of income in the hands of the trustee, or presently payable by him. The income in the hands of the trustee, as shown by the papers submitted, amounts to $4,081.05. This income cannot be paid to the beneficiaries, as I deem it wholly applicable to the reimbursement of the principal of the trust estate on account of the expenditures in excess of that amount made therefrom, and which should be borne by the income. The balance of the proceeds of the sale of the leasehold mortgage mentioned in the respondent's answer is part of the corpus of the estate, and, of course, cannot be used for the benefit of the beneficiaries. The firm of Lark, Sons & Co., which appears herein, is the holder of an instrument purporting to assign, or which it might be claimed assigns, to it the interest of two of the beneficiaries in the income of the trust fund. These beneficiaries are not before the court, except by the appearance of an attorney who represents the assignee. His appearance for the beneficiaries is claimed to be authorized by his selection by the assignee by virtue of a power contained in the instrument making the assignment. In view of the nature of that instrument, I do not think that I would be justified in treating such selection and appearance as sufficient to dispense

with the citation of the beneficiaries, or the acquisition of jurisdiction over them in some other proper way. They, by the instrument referred to, attempted to transfer income to which they would become entitled under a trust created for their benefit, so that, even if they had been cited or were represented by an attorney unquestionably authorized to appear for them, no part of their income, if there were any to which they are now entitled, could be distributed to their assignee (Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Cass v. Cass, 15 App. Div. 235, 44 N. Y. Supp. 186; In re Edson, Surr. Dec. 1897, p. 671); and, under the circumstances, I should not feel at liberty to direct the payment of such income to the assignee under his claim to be entitled to it as the attorney in fact of the beneficiaries. This application is made by one of the beneficiaries, who, in the prayer of his petition, asks for the same relief in behalf of the other beneficiaries as he seeks for himself. The others, with the exception of the two above referred to, appeared or were cited in this proceeding. While all the beneficiaries and their assignees are, no doubt, proper parties thereto (section 2806, Code Civ. Proc.), it is very doubtful whether such relief as might be granted under section 2804 of the Code of Civil Procedure, which is the statute under which I have entertained the proceeding, is not exclusively confined to the petitioner.

Application denied.