In the Matter of the Accounting of JOANNA R. CLEARY, as Executrix of ANNA FITZPATRICK, Appellant.

T. GEORGE HODGES, as Administrator of the Estate of SARAH FITZPATRICK, Deceased, Respondent.

122

(Argued October 18, 1929; decided November 19, 1929.)

*Edward H. Pattison* and *Joseph F. McCloy* for appellant. Anna had the right and power under the will, as life tenant, to convey real property of Sarah's estate for any consideration satisfactory to her. It was not necessary that the estate of Sarah receive any consideration. (*Matter of Davies*, 242 N.. Y. 196; *Matter of Briggs*, 101 Misc. Rep. 191; 223 N. Y. 677; *Matter of Ithaca Trust Co.*, 220 N. Y. 437.) The Surrogate failed to distinguish between the acts of Anna Fitzpatrick as executrix and her acts as an individual, that is, as life tenant with power to invade principal. (*Matter of Davies*, 242 N. Y. 196; *Matter of Trelease*, 115 App. Div. 654.) The Surrogate committed reversible error in ruling upon the inclusion and exclusion of evidence. (*Stevens* v. *Stevens*, 225 App. Div. 892.)

*Frank Pedlow* and *Joseph C. Behan, Jr.*, for respondent. The Surrogate committed no error in excluding or rejecting evidence. (*Moller* v. *Paulovico*, 190 App. Div. 1.)

LEHMAN, J. The will of Sarah Fitzpatrick provided: "*First.* I give, devise and bequeath all of my estate, both real and personal, whatsoever and wheresoever situate,

unto my sister Anna Fitzpatrick, of the City of Watervliet, New York, To Have and To Hold the same for and during the term of her natural life, but with full power to use all or any part of the principal or income therefrom. *Second.* Upon the death of my said sister Anna Fitzpatrick, I give and bequeath the principal and income thereof which has not been used then remaining in the hands of my said sister Anna as follows:" etc. The testatrix also appointed her sister one of her executors. The estate consisted of some personal property and a half interest in a house in Watervliet which the two sisters had owned in common.

Anna Fitzpatrick conveyed her individual half interest in the house to her cousin, Joanna R. Cleary, in May, 1926. Thereafter she moved from her home in Watervliet to New York city and there lived with Miss Cleary and her family. Miss Fitzpatrick was old and somewhat infirm. Miss Cleary took care of her. In July, 1927, Miss Fitzpatrick executed and delivered to Miss Cleary a conveyance of the undivided half interest in the Watervliet house which had been part of the estate of Sarah Fitzpatrick. The conveyance was not a gift. She received in return a written agreement from Miss Cleary to support and maintain her for the period of the remainder of her life or for a period not to exceed thirty months, whichever was the shorter period. The half interest in the property conveyed was worth $4,000, a sum not on its face disproportionate to the value of the promise of Miss Cleary for which it constituted consideration. As security for the performance of the contract for the support and maintenance of the grantor, the grantee executed a mortgage on the property conveyed in the sum of $4,000.

In November, 1927, the grantor died. Miss Cleary was appointed as the executrix of her will. As such executrix she filed an account of the proceedings of Anna Fitzpatrick, deceased, as executrix under the last will and testament of Sarah E. Fitzpatrick. The account stated

that Anna Fitzpatrick, as executrix of her sister, had received a half interest in the house in Watervliet valued at $4,000, and that she had transferred that interest to Joanna R. Cleary in consideration of the above-described agreement for her support. Objection was filed to the account on the ground that the conveyance made by Anna Fitzpatrick was obtained by undue influence and constituted a violation of her duty as executrix under the will of her sister.

Doubtless Anna Fitzpatrick had power to make the conveyance of the real property. She received under the will " full power to use all or any part of principal or income " of the property in which she had a life estate. A conveyance made for the purpose of securing a contract for her support for a fixed time, if she should live that long, was within the scope of that power. Even though the estate might have profited if she had used the principal of the personal property to provide for her needs as they might arise from month to month instead of conveying the real property of the estate as she did, the testatrix had made her the sole judge of what property she should use and how she should use it. (*Vincent* v. *Rix*, 248 N. Y. 76.) The courts below have charged the estate of Anna Fitzpatrick with the value of the property conveyed and have ordered her grantee to return the property to the estate of Sarah E. Fitzpatrick, not on the ground that Anna did not have power to make the conveyance, but on the ground that she was induced to exercise that power by undue influence.

There is some evidence that the conveyance was the result of overpowering influence exercised by the grantee rather than of the volition of the grantor. That evidence is largely circumstantial. Perhaps to us it might not seem very convincing; it did convince the trier of the facts. Three persons took direct part in the transaction; the grantor, the grantee and the lawyer who prepared the papers and advised the grant. The lips of the

grantor are sealed by death. The Surrogate refused to permit the grantee to be examined concerning personal transactions with the deceased because the grantee is interested in the event of the proceeding. He excluded testimony of the lawyer as to conversations held with the deceased when no one else was present on the ground that such communications were confidential.

If the grantee had been examined concerning her personal transactions with the decedent, the courts below might have reached a different conclusion. The Legislature has placed certain limitations upon the competency, as a witness, of a party or person interested in the event of an action or special proceedings. Otherwise, interest does not affect the competency, though it may affect the credibility, of a witness. " A party or a person interested in the event * * * shall not be examined * * * in his own behalf or interest * * * *against* the executor, administrator or survivor of a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person." (Civ. Prac. Act, § 347.) The personal transaction concerning which the witness was questioned was between the witness and Anna Fitzpatrick, now deceased. The controversy is in form between the estate of Sarah E. Fitzpatrick and the estate of Anna Fitzpatrick. The witness is the executrix of Anna Fitzpatrick and as such executrix she is a party to the controversy. She was a witness, not against the estate of Anna Fitzpatrick, of which she was executrix, but in behalf of that estate. As such witness she might be examined even concerning personal transactions with the deceased.

The witness was not individually a party to the proceeding. She was interested in its event because an adjudication that the conveyance made by Anna Fitzpatrick was void and that Anna Fitzpatrick, as executrix of Sarah E. Fitzpatrick, must account for that property, might carry with it the consequence that the witness

would be compelled to return the property to the estate of ·Sarah Fitzpatrick of which it had originally been a part. As executrix of Anna Fitzpatrick she was called upon to oppose an adjudication that Anna Fitzpatrick must account to the estate of Sarah Fitzpatrick for the property conveyed. Otherwise the estate of Anna Fitzpatrick had no interest in the proceeding.

Doubtless the error is due to confusion created by the fact that the parties presented to the Surrogate for decision upon the accounting of Anna Fitzpatrick, as executrix of Sarah Fitzpatrick, a controversy as to " acts and doings " of Anna Fitzpatrick as an individual and not as executrix. For such acts neither Anna Fitzpatrick nor her estate was answerable to the estate of her sister Sarah Fitzpatrick. The real property of Sarah Fitzpatrick was not devised by the testatrix, upon her death, to her executors. It was devised for life to Anna Fitzpatrick and came into her possession as a life tenant and not as executrix. We are not called upon to decide whether at the death of the life tenant there might not be an equitable conversion of any real property remaining in her hands at that time. Certainly until that time the executors of the estate had no present interest in, or right of possession to, any real property. (*Barber* v. *Terry*, 224 N. Y. 334.) The life tenant in possession of the property had power to convey it. If the conveyance was not effectively executed, then upon her death the property passed as provided in Sarah Fitzpatrick's will. If it was effective, then nothing remained which could pass to the remaindermen. In either case, since the property never came into the possession of Anna Fitzpatrick, as executrix, since she never disposed of it as executrix and is not accused of any wrongdoing as executrix or as an individual, her accounts as executrix should not be charged with the real property or its value. The appellant apparently was content to permit the Surrogate to determine the controversy. Upon proper motion the

Surrogate would have been bound to dismiss the objections, and approve the accounts. The persons interested in the controversy are the grantee of the life tenant and those entitled to property remaining in the life tenant's hands at her death. The estate of Anna Fitzpatrick has no interest in it.

The order should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.