In the Matter of the Estate of OLIVER B. KIPP, Deceased.

Surrogate's Court, Saratoga County, May 20, 1931.

*Morgan E. Welsh*, for Mrs. Minnie J. Clarke, the executrix.

*Ernest E. Cole [Irving W. Esmond* of counsel], for the Education Department of the State of New York.

TUCK, S.   Oliver B. Kipp in his lifetime prepared a last will and testament in his own handwriting which contained, among other provisions:

" *Sixth.* The real estate at Burnt Hills, N. Y. is to be used by my wife and two children until their deaths when two thousand of it shall be made a trust fund to be known as a ' The Cole and Kipp Student Loan Fund ' managed by B. H. & B. L. Board of Education.

" The principal and interest may be loaned to graduates of the Burnt Hills-Ballston Lake High School on negotiable paper if they use to help pay the expenses of continuing their studies in higher institutions of learning.

" This property was bought with money received as pension money before I retired.   Two thousand of it shall constitute a ' Kipp Trust Fund ' administered by State College for Teachers at Albany, N. Y. for loaning to students attending the college to pay their expenses.

" *Seventh.* I also give and bequeath to the M. E. Church at Burnt Hills, N. Y. ($500.) five hundred dollars; to the Berkshire Industrial Farm five hundred dollars; to Charles Oliver Lambert two hundred fifty dollars; to the heirs of Mrs. Daisy Magoon LaRock two hundred fifty dollars; to my niece Edith Kipp two hundred fifty dollars.

" These last five bequests are to be paid, after the death of my wife and children, by an administrator appointed by the Surrogate.

" I hereby appoint Mrs. Minnie J. Clarke my daughter my executrix with the desire that she consult with my son Carl fully about everything concerning this will either in conversation or by correspondence.

" *Third Plus.* I give and bequeath to Burnt Hills-Ballston Lake High School the Secretary made by brother Lionel and Edgar Hiller, to be used in the office of the principal.

" *Eighth.* After the death of my wife, Ellen W. Kipp, my

executrix may settle the estate with my son except the realty, the homestead having the personal property apprised. She may give my son Carl R. two-thirds of this and herself one-third. She is to have the use of the real estate at Burnt Hills, N. Y. during her life when an administrator appointed by the Surrogate will carry out the provisions of the Sixth and Seventh parts of this document."

By the terms of the first part of the 6th paragraph of this will the decedent endeavored to suspend the absolute power of alienation of his certain real estate at Burnt Hills, N. Y., during the lifetime of his wife and his two children — all of whom survived him — and upon their deaths provided for charitable trusts to the extent of $4,000 and legacies amounting to $1,750.

Primary rules of construction require that the intent of the testator be ascertained and that intent when ascertained be executed so far as it does not come into conflict with the statutes.

It is further the duty of the court where it is possible to separate the invalid from the valid portions of a testamentary provision and where reasonably practical to give effect to those valid portions of the will.

It has seemed to the court that a proper determination and construction of this testament requires that paragraph 6 and paragraph 8 be as far as possible read and construed together and that the effect to be given to these testamentary provisions is as follows:

That Ellen W. Kipp, widow of the decedent, shall have a life estate in the real estate at Burnt Hills, N. Y., and upon her death Minnie J. Clarke, the decedent's only daughter, shall have a life estate in this realty, and that upon and after the death of Minnie J. Clarke there shall be established from the proceeds of the sale of the said real estate the charitable trusts set out in paragraph 6, and the legacies provided for in paragraph 7 shall also be paid. Should the value of the real estate be in excess of the testamentary provisions and the ordinary expenses attaching to the administration thereof the disposition of such surplus may be directed as the law requires at that time.

Submit a decree accordingly upon notice.