In the Matter of the Estate of HENRY HERMAN WESTINGHOUSE, Deceased.

Surrogate's Court, New York County, June 26, 1935.

*George H. Olney*, for the executors.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S. The executors appeal from a *pro forma* order made on March 5, 1935, which fixed the estate tax herein. That order was entered on the report of the tax appraiser who disallowed as a deduction a bequest of $100,000 claimed by the executors to be deductible because charitable. The will of deceased provides:

" *Sixth.* I give and bequeath the sum of One Hundred Thousand ($100,000) Dollars to the Board of Directors of the Westinghouse Air Brake Company, a Pennsylvania corporation, or such other body, institution or corporation as said Board of Directors in their sole discretion shall determine and direct, for expenditure or other disposition in the manner determined by said Board of Directors, in the interest and for the benefit and welfare of employees of said Westinghouse Air Brake Company, or, if that disposition be not feasible or advisable in the judgment of said Board of Directors, then in the interest and for the benefit and welfare of the inhabitants generally of the community now constituting the Borough of Wilmerding, in the County of Allegheny, Pennsylvania, or, if that disposition be not feasible or advisable in the judgment of said Board of Directors, then in the interest and for the benefit of the inhabitants generally of the City of Pittsburgh, Pennsylvania, preferably for hospital purposes. If at the time of the payment and distribution in this Article Sixth directed, there shall be in permanent existence and successful operation any body of trustees or institution for the express purpose of administering trusts in the separate interest and for the separate benefit and welfare of the communities above mentioned, through the medium and under the plan of what is commonly known as a ' community trust,' it shall be properly within the scope and intent of this Article Sixth, if said Board of Directors of the Westinghouse Air Brake Company shall so approve, that such payment and distribution be made to such community trustees or institution for administration within their general discretion, but so far as feasibly possible in keeping with the purposes and objects above indicated."

The Tax Law, section 249-s, subdivision 3, regulates deductions of charitable bequests in determining the net estate for tax purposes. This provision is in substance the same as section 303 of the United States Revenue Act of 1926. (44 U. S. Stat. at Large 72, § 303, subd. [a], ¶ (3); U. S. Code, tit. 26, § 1095, subd. [a], ¶ [3].) Hence, cases deciding the meaning of that act are pertinent here. A case directly in point is *Eagan* v. *Commissioner of Internal Revenue*

(43 F. [2d] 881). There the Court of Appeals reversed the Board of Tax Appeals and held exempt a gift to representatives of the board of directors of a company who were vested by the will with authority to expend the income to supplement salary and wages of the employees of the company. Reliance is placed by the State Tax Commission on *Matter of Shattuck* (193 N. Y. 446). That case has been the subject of much judicial construction in this State and has been "limited to its special facts." (*Matter of Robinson*, 203 N. Y. 380; *Matter of Cunningham*, 206 id. 601; *Butterworth* v. *Keeler*, 219 id. 446, 450.)

It is inescapable that the intent and purpose of this gift were charitable. The number of employees of the air-brake company is very large. There is nothing in testator's language which indicates any purpose to confer a merely private benefit on any one. Everything in the provisions of the will, both initially and alternatively, speak a general charitable purpose. The fact that in some aspects an individual benefits is true of all charity. That type of individual benefit erects no bar to this gift.

The gift here is not to the corporation. It is to a group who, in acting under the provisions of the will, are trustees in a real sense. The wide discretion committed to them does not import any consent by the testator to a private and individual use of the fund. They are vested with discretion to use the fund impersonally and for the general benefit of this large body of employees. That use of this fund is a charitable use within the meaning of the Tax Law and the gift is subject to deduction in determining the net estate. (*Eagan* v. *Commissioner of Internal Revenue, supra; Gimbel* v. *Commissioner of Internal Revenue*, 54 F. [2d] 780.)

The appeal is sustained. Submit, on notice, order modifying accordingly the *pro forma* order heretofore entered fixing the tax.