In the Matter of the Estate of MARY ANN EDGE, Deceased.

Surrogate's Court, New York County, May 11, 1936.

*Arthur Taft*, for the petitioner, Mildred E. Hall, as administratrix, etc., of Walter A. Hall, deceased, as executor, etc., of Mary Ann Edge, deceased.

*Pallister & Pallister*, for General Synod of the Reformed Church in America.

*Abraham Marcus*, special guardian for William, Florence, Stanley, Frank and Charles Edge, whose addresses are unknown.

DELEHANTY, S. Deceased died testate. In this accounting in behalf of her deceased executor the special guardian for brothers and a nephew and niece of deceased, whose addresses are unknown, questions the validity of the disposition of the residuary estate. All but one of the persons represented by the special guardian are given one dollar in the will; the one is not mentioned at all. Since deceased was unmarried the persons represented by the special guardian will have an interest in intestacy if the residuary trust is held to be invalid. If the trust is valid they will have no interest in the estate. The parties have stipulated that the will be construed first, with a reservation of right by the special guardian to file objections in the event his contention that the trust is invalid is upheld.

Paragraph fifteenth of the will says: " All the rest, residue and remainder of my property and estate as well real as personal, and wheresoever situate, which at the time of my death shall belong to me, or be subject to my disposal by will, I give, devise and bequeath to the Minister, Elders and Deacons of the Reformed Protestant Dutch Church of the City of New York, and I do direct, and it is my wish that the money so received by said Church be used to establish a fund to be known as the ' Mary Ann Edge Fund for the

Relief of Ministers' Widows,' and it is my wish that for this purpose said moneys be invested, and the income therefrom be paid over annually in equal portions to widows of ministers who have served in the West End Collegiate Church, Seventy-seventh Street and West End Avenue, Borough of Manhattan, City of New York. In the event that there be no such beneficiary in any year, then I do direct that the sum so payable be paid to the General Synod of the Reformed Church in America, to be applied equally to its disabled Ministers' Fund, and its fund for Ministers' Widows, said amount to be credited as a contribution of the West End Collegiate Church. In the event that the West End Collegiate Church congregation should for any reason cease to exist, I do direct that the entire amount of said trust fund be paid to the General Synod of the Reformed Church in America, said amount to be kept intact and to be known as the ' Mary Ann Edge Fund,' the principal to be invested and the income therefrom annually applied in equal shares to widows and ministers who have served in the West End Collegiate Church of the City of New York, so long as they may live and upon their death said income to be annually applied in equal portions to the Disabled Ministers' Fund and to the fund for ministers' widows."

The trust created by the foregoing provision must fail unless it is an eleemosynary trust or a trust for a religious use. The special guardian contends that the trust is not eleemosynary because the class of beneficiaries is too limited, because benefits may be granted to those not in need, because the beneficiaries are not engaged in any public service and because the payments are not justified by any public purpose. He contends, further, that the trust is not a trust for a religious use because again the class of beneficiaries is too limited, because payments may be made to those not in need and because there is involved no advancement of religion.

If the strict rule of construction stated in *Matter of Shattuck* (193 N. Y. 446) is to be applied, then it must necessarily follow that since these funds might be devoted to private purposes the whole trust scheme would be void. The *Shattuck* case has been repudiated in this State in very large degree and a much more liberal rule of interpretation has been adopted (*Matter of Durbrow*, 245 N. Y. 469; *Matter of Frasch*, Id. 174; *Matter of Cunningham*, 206 id. 601; *Matter of Robinson*, 203 id. 380), though the *Shattuck* case has not yet been in terms overruled. It seems now to be the law of this State that if on the consideration of the whole text of the instrument it is reasonably clear that the intention was to apply the funds only for charitable use, the gift will be upheld even though on a narrow construction it might be said that the gift could be used for private purposes. (*Matter of Durbrow, supra.*)

The language of the will here gives clear indication that the gift was intended only for charitable purposes. The gift over is for the benefit of disabled ministers. The fund is directed to be designated as a fund for the *relief* of ministers' widows. In the term " relief " there is necessarily implied a precedent need. So it is appropriate to construe the language of this testatrix as directing benefits only to persons in need. (*Eagan* v. *Commissioner*, 43 F. [2d] 881; *Matter of Westinghouse*, 156 Misc. 320; Bogert Trusts, § 373, citing *Matter of Dudgeon*, 74 L. T. 613.)

The class is not too limited. (*Matter of MacDowell*, 217 N. Y. 454; *Matter of Robinson, supra*.) It has been held that a trust to pay the salary of ministers for the time being of a particular church is a trust for a religious use. (*Matter of Bell*, 141 Misc. 720.) A case directly in point on the facts in this case is *Sears* v. *Attorney-General* (193 Mass. 551; 79 N. E. 772). There the fund was to be used " for the benefit of the widows and orphan children that may be left by the future ministers of this church." The opinion of the Massachusetts court presents clearly the grounds upon which this trust should be held to be valid. The American Law Institute's Restatement of the Law of Trusts says (§ 375, subd. (f), p. 1166): " So also, a trust for the benefit of the minister for the time being of a particular church is charitable, since it tends to promote religion. Similarly, a trust for the benefit of the widows and orphan children that may be left by present or future ministers of a particular church is charitable even though not conditioned upon poverty."

The court holds that the provision in the will of deceased is intended to effectuate a public and not a private benefit and hence that the trust is in all respects valid.

If no objections are filed to the account within five days, pursuant to the terms of the stipulation of the parties, a decree may be submitted on notice settling the account and construing the will accordingly.