In the Matter of the Estate of DAVID A. OSBORN, Deceased.

Surrogate's Court, Orange County, September 28, 1933.

*Augustus W. Bennet,* substituted testamentary trustee and attorney in person.

*Peter Cantline,* for Fidelity and Deposit Company of Maryland, surety upon bond of deceased executor and trustee.

*Elmer H. Lemon,* special guardian.

TAYLOR, S.   David A. Osborn died a resident of the city of Newburgh on November 30, 1920, leaving a last will and testament dated February 27, 1908, which was admitted to probate by this court.   After directing the payment of debts, the will provided that if the decedent's wife, then an incompetent, should be of sound mind at the time of his decease, then all the property was devised and bequeathed to her absolutely; in the event the wife should not be of sound mind, then the property was devised and bequeathed to the executrix and trustee in trust to sell the real property, invest the proceeds, together with the residue of decedent's personal property, and to pay, or use, the income, together with so much of the principal as the trustee might deem necessary and proper, for the proper care and support of the wife while she should continue to be incompetent, and to pay over the principal to her if she should gain competency.   The will further provided that at the death of the wife, if she should not have become competent, the trustee should keep invested whatever portion of the decedent's estate remained at that time and to pay one-half the income to the wife's sister and the other one-half to the decedent's sister, and all the income to the survivor of them; upon the death of both these persons to pay one-half of the income to the Moulton Memorial Baptist Church of Newburgh, N. Y., and the other one-half to

the decedent's nephew during the latter's lifetime, and " at his death I direct that thereafter the entire income of my estate be paid to the Moulton Memorial Baptist Church of Newburgh, New York."

The first two life beneficiaries are now deceased; the last named life beneficiary, the decedent's nephew, is still living. The decedent's wife has since died, never having gained competency, and the question presented is to whom should the remainder of the estate be now paid.

Upon a previous accounting, and on November 13, 1923, a decree was made which determined that section 42 of the Real Property Law and section 11 of the Personal Property Law had been violated in the preparation of this will, in that the power of alienation of real estate was suspended and the absolute ownership of the personal estate was devised and bequeathed for more than two lives in being, and that the remainder vested in decedent's sister, subject to the wife's life estate, the decedent's sister-in-law having predeceased the testator.

The question first to be disposed of is whether this decree is *res adjudicata*, or whether the surrogate may now determine to whom final distribution should be made.

The prior accounting and decree having taken place during the wife's lifetime, the estate not then being ready for final distribution, and especially because of the will provisions that the principal might be encroached upon for the support and maintenance of the wife, and if necessary completely exhausted, and, further, that if the wife should regain competency then the principal should be paid to and vest in her, there was at the time of the prior decree no factual situation calling for determination of the question of the vesting of the remainder, and, therefore, that portion of the decree is not *res adjudicata*. (*Matter of Davis*, 105 App. Div. 221; affd., 182 N. Y. 468; *Matter of Haight*, 51 App. Div. 310; *Davis* v. *Davis*, 86 id. 401; *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.*, 151 id. 166; *Matter of Mount*, 107 id. 1; affd., 185 N. Y. 162; *Matter of Hoffman*, 201 id. 247; *Matter of Raplee*, 160 Misc. 615.)

The surety company, subrogated in part to the rights, if any, of decedent's sister because of a surcharge while she was acting as trustee, and the special guardian take contrary views as to the vesting of the remainder of this estate, and the surrogate has reached a still different conclusion. The surety company contends that the decree of November 13, 1923, construing this will, is *res adjudicata* in its entirety and that the decedent's distribution is to be determined as of the date of his death, while the special guardian argues that the distributees are to be determined as of the date of the death of the testator's wife.

There can be no doubt that this will runs contra to the perpetuities rule; that the trust created was an express one (Real Prop. Law, § 96, subd. 3; *Lahey* v. *Kortright*, 132 N. Y. 450), and, therefore, was inalienable during the entire period fixed by the testator for its duration (*Butler* v. *Baudouine*, 84 App. Div. 215; affd., 177 N. Y. 530); and by reason of the will provisions that the trust should continue for more than two lives in being, it was at least partially invalid.

In the construction of wills we are admonished that wherever possible and it can be done without doing violence to the testator's intention, valid and invalid portions of wills are to be separated and the valid effectuated. (*Matter of Sandgren*, 160 Misc. 785; *Matter of Trevor*, 239 N. Y. 6.)

There is another and equally well-settled canon of construction, that a testator's intention should be ascertained and effectuated if legally possible. (*Matter of Kipp*, 140 Misc. 195; *Matter of Niles*, 164 id. 328; *Lamb* v. *Lamb*, 131 N. Y. 227; *Matter of Gallien*, 247 id. 195.)

What was the testator's intention in this case? Clearly, it was his purpose to make certain individuals beneficiaries of the trust he set up for their respective lives, and, lastly, the trust should continue for the benefit of the Moulton Church.

The bequest to the church not being in any respect contingent, the same may be accelerated by the deletion of the statutorily prohibited life estate following the permitted two life estates. (*Purdy* v. *Hayt*, 92 N. Y. 446.)

Another question naturally suggested is whether this bequest to the church is valid under the perpetuities rule, it not being an outright gift but only of the income.

It was determined years ago in *Williams* v. *Williams* (8 N. Y. 525) that the law of charitable uses as recognized in England prior to the Revolution was in force in this State and that the Revised Statutes relative to uses and trusts did not apply to bequests to charitable uses. Thereafter some uncertainty existed upon this branch of the law, and the *Williams* case was expressly repudiated in *Bascom* v. *Albertson* (34 N. Y. 584); *Burrill* v. *Boardman* (43 id. 254), and *Holmes* v. *Mead* (52 id. 332), but was later recognized as really representing the law of this State. (*Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Potts*, 205 App. Div. 147; affd., 236 N. Y. 658.)

With respect to each of the individuals, the testator placed a limitation upon their time of enjoyment of the income, but with respect to the bequest to the church which, by the way, is the final dispositive clause of the will, there is no time limitation fixed.

The conclusion then is that it was the testator's intention that the ultimate beneficiary should be the Moulton Church; that the invalid provisions of the will may be separated from the valid and the latter effectuated; that the vesting of the remainder in the trustee for the benefit of the church has been accelerated and is a valid provision because the statutory provisions concerning uses and trusts do not apply to charitable uses.

Settle decree on five days' notice or by consent.