Heffernan, J.
Catherine M. Britt died July 20, 1939, leaving a last will and testament which was admitted to probate by the Surrogate’s Court of Albany County on September 13, 1939,■ in which her husband, John J. Britt, and Michael D. Reilly were named as executors, each of whom duly qualified.
The husband died February 27, 1942, leaving a will which was duly admitted to probate by the Surrogate’s Court of Albany County and letters testamentary thereunder were issued to Mr. Reilly and to Kathryn Britt Richartz, the executor and executrix named therein and who are the petitioners in this proceeding.
The surviving executor of Mrs. Britt’s estate and the executors of the husband’s estate instituted this proceeding for a judicial settlement of the account of the deceased executor and for a construction of the first paragraph of Mrs. Britt’s will which reads as follows: “ I give, devise- and bequeath my entire estate, both real and personal, and wheresoever the same may be, to my husband, John J. Britt, to have and to hold, to use and enjoy the same during the term of his natural life, *428 with power to my said husband to use so much of the corpus of my aforesaid real and personal estate as he may, in his absolute discretion, deem necessary or convenient, and, on the death of my said husband, I give and bequeath whatever is left of my said real and personal property, to my nephew, Alfred Bendell, son of my sister, Anna J. Bendell, to have and to hold the same in fee simple absolute
Besides certain real estate owned by Mr. and Mrs. Britt as tenants by the entirety and a bank account in their joint names testatrix owned the family residence located on Western Avenue and a tenement house on Second Street, both in the city of Albany and also a small amount of cash.
On September 25, 1939, the husband executed and subsequently filed in the Surrogate’s Court a notice in which he purported to elect to appropriate to his own use his wife’s entire estate.
On December 20,1939, Mr. Britt borrowed from the National Commercial Bank and Trust Company of Albany the sum of $4,200 and pledged as security for the loan a mortgage executed by himself and his coexecutor on. the Western Avenue property.
Later and on February 20,1942, Mr. Britt and his coexecutor sold this property and out of the proceeds of the same, after the payment of various obligations, there remained a balance of $3,305.29 which sum was deposited to Britt’s credit in the State Bank of Albany.
Concurrently with that sale Mr. Britt executed a second notice of election to appropriate to his own use Mrs. Britt’s entire estate. Following his death and on September 23, 1942, this instrument was filed in the Surrogate’s Court.
Intermediate the death of his wife and his own demise the husband used and expended for his benefit her net estate with the exception of the real estate on Second Street and cash in the sum of $1,889.41. The executors of the husband’s estate now contend that he, by virtue of the notices to which we have referred, elected to and did take his wife’s entire net estate, and that consequently nothing remains for respondent, the remainderman named in her will.
The Surrogate rejected that contention and we are in accord with his ruling.
Testatrix did not make an absolute gift of her property to her husband. The language which she used in the quoted clause clearly indicates that she intended to qualify and limit the gift to her husband to a life estate with the right to use as much of the principal as he chose but with the limitation *429 that the remainder go to her nephew. The gift was not unrestricted. The thought, no doubt, in her mind was to provide generously and unreservedly for her husband during his lifetime. She gave to him the right to dispose of as much of her property as he “ in his absolute discretion ” might “ deem necessary or convenient ” but anything that remained was to go to respondent, her sister’s son. This view finds sanction in the authorities dealing with like questions (Seaward v. Davis, 198 N. Y. 415; Matter of Ithaca Trust Company, 220 N. Y. 437; Matter of Stevens, 241 App. Div. 490; Vincent v. Rix, 127 Misc. 639, affd. 221 App. Div. 209, affd. 248 N. Y. 76).
The notices of appropriation executed by the husband did not destroy the interest of the remainderman in the property. Appropriation without consumption is unavailing to accomplish that result. The fact that a portion of the wife’s estate was undisposed at the time of the husband’s death furnishes conclusive proof that the whole estate was not necessary for his maintenance, comfort and support.
A devise over of that portion of the estate which was undisposed of by the life tenant of necessity means so much of the property so bequeathed remaining at the time of death. That the power of disposition in this case is not unlimited is plain. There would be no reason for making a devise over of the property left at the time of death of the life tenant if he had unlimited power of disposing of it at will. Neither would there exist any reason for testatrix to give her husband a life estate at all. In cases where the grant of a life estate is coupled with expressions giving broad powers of disposition, the rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waste or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen. The amount which a life tenant may use for his support and maintenance rests entirely in his honest judgment and discretion which cannot be controlled or limited by the courts in the absence of bad faith or fraud (Vincent v. Putnam, 127 Misc. 647, affd. 221 App. Div. 211, affd. 248 N. Y. 76).
The appellants rely upon Matter of Fitzpatrick (252 N. Y. 121) and Matter of Woollard (295 N. Y. 390) as controlling authorities to sustain their position. These cases are clearly distinguishable.
In the Fitzpatrick ease the question presented involved the power of a life tenant to alienate for the purpose of securing *430 'a contract for her support property bequeathed to her “ but ■ with full power to use all or any part of the principal or income therefrom.” That case has nothing to do with assets of a decedent’s estate-in the hands of a life tenant at death.
; In the Wo ollard case testator gave the remainder of his estate to his executors in trust to invest and apply the income thereof monthly to the use of his wife “ together with as much . of the principal or corpus * * as she may deem neces-
; sary for her maintenance comfort and well being ’ ’ with remainder over on her death. The Court of Appeals held that the widow had the right to demand and receive all of the income ' and such part of the corpus of the trust estate as she. might . deem necessary for her maintenance, comfort and well being. .The decision in the Wo ollar d case has no relationship to the question before us. There the problem Avas the right of the widow to invade the corpus of the estate for her require- • ments. Here is involved only the title to property of testatrix of which a life tenant had not disposed.
The decree appealed from should be affirmed, with costs to all parties filing briefs payable out of the estate of testatrix.
| Hill, P. J., Brewster, Foster and Russell, JJ., concur.
! Decree affirmed, with costs to all parties filing briefs payable . out of the estate of the testatrix.