S. Samuel Di Falco, S.
In this proceeding for construction of the will the court is asked to determine the nature and effect of a bequest which the testator described in the following terms: ‘ ‘ I give and bequeath all of my remaining right, title and interest in the said contracts to the dixie cup company, to be used for the establishment and maintenance of a pension fund for its employees, on the condition that it pay therefrom during the life of the said contracts Six thousand dollars ($6,000.) annually to anita de paulis as long as she lives during the life of the contracts. ’ ’
The deceased was an inventor of machinery used in the manufacture of paper containers. Under the terms of the agreements to which he makes reference in the quoted text of his will he and his estate became vested with the right to receive substantial royalties for a term that will run for a period of years but whose actual terminal date is the subject of dispute by the American Can Company as successor in interest to the Dixie Cup Company, the original obligor.
The petitioning executors, the American Can Company, and the trustees of Columbia University in the city of New York, have all appeared and join in urging upon the court a construction of this will which would define the bequest as a valid charitable trust within the meaning of the Tilden Act (Personal Property Law, § 12). All are in agreement that the legacy is subject to a charge which apparently it is well able to sustain in favor of the named annuitant in the amount of $6,000 annually for the duration of her life should that not extend beyond the term of the royalty contract. The court concurs in this view of the legacy for all of the conditions which are required to be satisfied in order that a charitable purpose expressed by a testator may be saved are here met.
That the testator entertained a charitable intention of the sort which the Act was designed to protect is wholly plain. In Matter of Westinghouse (156 Misc. 320, affd. 248 App. Div. 568, motion for leave to appeal denied 272 N. Y. 678) Mr. Surrogate Delehanty had occasion to consider the nature and effect of a legacy much like the present one. There the bequest was made to the directors of the Westinghouse Air Brake Company to be expended for the benefit and welfare of the employees of that corporation. He said (p. 322): “ It is inescapable that the intent and purpose of this gift were charitable. The number of employees of the air-brake company is very large. There is nothing in testator’s language which indicates any purpose to confer a merely private benefit on any one. Everything in the provisions of the will, both initially and alternatively, speak a *755 general charitable purpose. The fact that in some aspects an individual benefits is true of all charity. That type of individual benefit erects no bar to this gift.” Like results have been reached in a number of tax cases as for example Eagan v. Commissioner (43 F. 2d 881); Gimbel v. Commissioner (54 F. 2d 780); Harrison v. Barker Arnmity Fund (90 F. 2d 286) and see Matter of Fanelli (207 Misc. 719) in which a bequest for the benefit of the children of the employees of the 195 Broadway Corporation was held to constitute a charitable trust.
The adoption of the reasoning of the cited cases requires the holding that the bequest under consideration here be also deemed a charitable trust within the meaning of the Act. The failure to specify its duration within the standards fixed for the terms of a private trust has no effect, of course, upon the validity of the bequest. (Matter of MacDowell, 217 N. Y. 454; Personal Property Law, § 12, subds. 1, 2, 2-a.) Neither does the failure to name a trustee defeat the purpose of the testator (op. cit.). The court accordingly holds initially that the bequest is a valid legacy in trust for the purposes specified by the testator. The court will entertain proposals for nomination of the fiduciaries and the definition of their duties under the will. For this purpose counsel for all of the parties who have appeared are invited to submit memoranda outlining the course which would in their judgment best accommodate the purposes of the testator. Upon the submission of such memoranda a conference will be called. An intermediate decree defining the nature of the bequest may be submitted on notice or consent.
Proceed accordingly.