John D. Bennett, S.
This is an accounting proceeding in which the executor seeks the construction of certain provisions of the will, and advice and direction as to certain other matters.
The first three paragraphs to be construed, the Sixth, Seventh and Eighth of the will, each leave a specified sum of money to an incorporated club. The money is to be held intact until such club shall cease to exist, at which time said fund is to be paid to the Salvation Army, In the first two trusts the income is to *30 be paid to the Christmas fund for employees of the club and in the other the income is to be used for prizes for juniors of the club.
‘ ‘ Where the intent to make a gift for charitable or religious purposes pervades and dominates the whole bequest the Court must give it effect if it is possible to do so by the most liberal rules of construction that the law permits.” (Matter of Brown, 93 N. Y. S. 2d 881, 883.) There is no intimation in the language used by the testator of a private or selfish purpose to be served by the gifts. On the contrary it is clear that the testator ‘ ‘ contemplated the betterment of position of a general aggregate of persons of reasonable number who, except for the charitable impulse of the testator, would not be natural objects of his bounty.” (Matter of Skuse, 165 Misc. 554, 555-556.)
Both provisions for the benefit of employees of specified companies or corporations, and the establishment of prizes as awards for charitable purposes, create valid charitable gifts. (Matter of Westinghouse, 156 Misc. 320, affd. 248 App. Div. 568, motion for leave to appeal denied 272 N. Y. 678; Matter of Fanelli, 207 Misc. 719; Matter of Skuse, supra, pp. 555, 556; Matter of Judd, 242 App. Div. 389, affd. 270 N. Y. 516; Matter of Browning, 165 Misc. 819, affd. 254 App. Div. 843, affd. 281 N. Y. 577; Matter of Harmon, 80 N. Y. S. 2d 903.) Since the trusts under paragraphs Sixth, Seventh and Eighth are held to be charitable in nature, they are valid regardless of their failure to be measured by a life or lives in being as is required of noncharitable trusts (Personal Property Law, §§ 11, 12).
By the second sentence of paragraph Ninth of the will the testator apparently intended to change the devolution of the remainder of an inter vivos trust dated October 14, 1943, of which he was the settler. According to this trust the remainder has already been granted to individuals other than the person whom the testator sought to substitute in his will as the recipient of the remainder interest. No power was reserved by the settler testator to revoke provisions of the trust already made. Under such circumstances the court holds that the attempt by the second sentence of paragraph Ninth to amend an irrevocable inter vivos trust dated October 14, 1943, is of no force and effect.
The testator’s intent in regard to the power of the executor and trustee to invest is clearly manifested by the terms of the will, and such intention is controlling. The language used permits the executor and trustee to invest in securities other than those allowed in section 21 of the Personal Property Law.
*31 The direction contained in paragraph Twenty-fourth to the effect that the executor arid trustee ‘ ‘ is not to sell or dispose of any Federated Department Stores, Inc. common stock or any other securities without the consent in writing of Clarence McMillan ” is limited •'only to such securities and stock owned by the testator at his death.' It is evident from the will read in its entirety that the testator expressed a decided preference for securities owned by him at the date of his death (see pari Fourteenth of testator’s will) and was accordingly coneerned\ about their retention by his executor and trustee. Moreovem powers of retention and investment are strictly construed since they are against public policy as evidenced by statutory limitations on investments by trustees (Personal Property Law, § 21; Matter of Herriman, 142 Misc. 164). To extend Mr. McMillan’s power to give or withhold his consent to the sale of securities to all securities, whether part of the original assets of the estate or not, would be an unwarranted extension of a power where no clear direction to that effect is apparent from the language./ of the will. In paragraph Fourteenth the party whose consent is necessary for a sale of securities is merely designated as the “ attorney for my trustee ”. When this phrase is read together with paragraphs Twenty-fourth and Twenty-fifth, it is clear that this power to withhold consent was intended to reside in Mr. McMillan during his life.
The primary trust created by paragraph Twentieth for the benefit of Linn Reese Keeler is held valid. The court agrees with the conclusion of the petitioner that any construction of other matters arising under paragraph Twentieth should be postponed at this time (Schettler v. Smith, 41 N. Y. 328) for the reason that one of the alternate dispositions is valid and may take effect.
The claim of the petitioner for accounting services is allowed in the amount requested. The court is satisfied, on the basis of the papers submitted, that the accounting services rendered were necessary to the proper administration of the estate.
The relief requested in the balance of the petition is granted, and the account will be settled as filed. The court will iriake its findings in the wording of the requests numbered 1, '2, 3, 4, 5, 7, 8, 9, 10 and 11, contained in the prayer for relief. As to request number 6, the court finds that the executor and trustee of any of the trusts directed to be erected under the will are not restricted to such investments as are permissible for trustees under section 21 of the Personal Property Law. The reason the court does not make the finding requested in number 6 is *32 that it will not at this time pass upon the application of any future law or upon the application of the restrictions imposed by section 125 of the Decedent Estate Law.
Settle decree on five days’ notice.