Maximilian Moss, S.
The executors herein have filed their account and a petition for its judicial settlement. Two questions are presented for determination: whether the bequest to “ a Home for the Aged in Israel, within the discretion of my trustees ”, to which certain conditions are attached, is a valid charitable gift and, if so, whether the total gifts to such charity exceed the permissible amount provided in section 17 of the Decedent Estate Law, and to what extent.
Testatrix died a resident of Kings County and left surviving a son and a daughter as her only distributees. Her will, after bequests of some small general legacies, directs division of her residuary estate into two equal parts. One of such parts she directs her trustees to hold and from the principal and income to pay to her son a specified annual amount during his life. On his death the remainder, if any, of such fund is to be added to the gift of the other one half of the residuary. The other half of the residuary is to be paid over to a home for the aged in Israel, as set forth above.
The trustees have selected an institution in Israel, within the class designated by the testatrix, and the institution has agreed to accept the gift and comply with the conditions in the will. The Attorney-General of the State of New York has approved the action of the trustees.
The legacy was for a charitable purpose and the fact that the trustees were clothed with a broad discretion in selecting the beneficiary within the framework of the will did not invalidate the gift (Matter of Michaels, 7 Misc 2d 439). Where the charitable purpose of a testator is evident from the provisions of a will, the courts will strain to sustain a legacy to charity (Matter of Ablett, 206 Misc. 157, affd. 2 A D 2d 205, affd. 3 N Y 2d 261; Matter of Kashiwabara, 11 Misc 2d 426; Matter of Fanelli, 207 Misc. 719). The legacy bequeathed under paragraph ‘ ‘ sixth ’ ’ of the will is for a charitable purpose and is valid and is not violative of the Eule against Perpetuities (Matter of Osborn, 169 Misc. 54; Allen v. Stevens, 161 N. Y. 122; Personal Property Law, §§ 11,12; Matter of Reese, 21 Misc 2d 29).
The second question for determination is whether the gift to charity exceeds one half of the estate of testatrix under section 17 of the Decedent Estate Law. The executors’ account discloses that the gross estate accounted for is $33,934.73 and since testatrix left no debts the maximum permissible gift to *862 charity is one half of that sum or $16,967.36. However, from the gross estate there must be deducted all legacies, administration and funeral expenses and other proper charges in order to determine the value of the two parts into which the residuary estate is to be divided. The amount passing outright to charity will thus be fixed but there must be added thereto the value of the remainder gift to the charity of the one half of the residuary estate set up to pay the specified annuity to testatrix’ son. The present value of such annuity, based on the son’s life expectancy, may be computed only when the exact amount of the fund from which the annuity is payable has been determined. The value of the annuity must be deducted from the amount of the fund set up for the son and the difference added to the one half of the residuary passing to the charity to determine whether the total sum will exceed $16,967.36, the maximum gift permissible to the charity. Since further amounts, not reflected in the account, must still be fixed and paid out of the general estate, it is not possible at this time to make an exact mathematical computation of the value of the gift to charity to determine the amount of the excess of one half of the estate passing to the charity. The formula prescribed in Matter of Mayers (299 N. Y. 388) must be followed and the executors will be required to supplement their account to bring it up to date and after all deductions from the general estate are fixed to submit a computation in accordance with the principles outlined in that case.
Interest on the residuary gifts shall be applied thereon at the rate earned computed from seven months after the issuance of letters testamentary (Matter of Matz, 12 Misc 2d 966), except that no interest may be allowed as to future payment of such share as may be applied out of the annuity created thereunder, which share is subject to statutory provision that no allowance of interest may be made for period of postponement of payment (Decedent Estate Law, § 17). The compensation of the attorney for the executors is fixed in the sum of $3,000.