Owen McGivern, J.
The petitioner herein has applied in a proceeding under article 78 of the Civil Practice Act to annul and cancel a license issued by the respondent Superintendent of Banks to the individual respondents. This license is one to cash checks pursuant to article IX-A of the Banking Law. The petitioner is and has been for approximately 20 years the holder of a license for the conduct of a similar business, now located approximately 1,381 feet distant from the place at which the individual respondents have been authorized to conduct their business.
Respondents cross-move to dismiss the petition on the ground that it is insufficient as a matter of law. It is argued that the petitioner is not an aggrieved party and is not entitled to maintain this proceeding; that as it was not a party to the proceeding which granted the license it has no standing to challenge this determination; and that the petition does not show that the Superintendent has failed to perform any duty enjoined by law or violated any of petitioner’s rights.
*800 The basis of petitioner’s contention that it is a party aggrieved and in support of the claimed sufficiency of the petition are found in those allegations of the petition which assert that the issuance of the license to the individual respondents ‘1 will result in a substantial reduction of the petitioner’s business and creates the probability that it will be economically impossible for the petitioner to continue in business ” and that the respondent Superintendent of Banks “ created a circumstance which could justify a suspension or revocation of the petitioner’s license * * * -under the provisions of subdivision 2 (e) of section 373 of the Banking Law ” and that petitioner “ was thereby deprived of valuable property without due process of law. ’ ’
Paragraph (e) of subdivision 2 authorizes the Superintendent of Banks to revoke or suspend the license of a licensee who does not do sufficient business to justify the continuance of a license. There is no allegation in the petition that the respondent Superintendent of Banks has made or threatened to make any such finding with respect to petitioner’s business and the gravamen of the petition is that the Superintendent has created circumstances which might lead to such a finding.
Assuming for the purposes of the cross motion that the allegations of the petition are true, they fail to disclose facts sufficient to indicate petitioner is a party aggrieved or the sufficiency of the petition. The mere fact that a person is a licensee in an industry is not sufficient to entitle him to be heard as a matter of. constitutional right before others are admitted into the industry and possible economic injury to petitioner does not encloak it with the status of “ an aggrieved person”. (Matter of Gifts by Wire v. Bruckman, 253 App. Div. 350, affd. 278 N. Y. 499; Matter of Dairymen’s League Co-op. Assn. v. Du Mond, 282 App. Div. 69, appeal dismissed 306 N. Y. 595.) Our process of law does not guarantee freedom from the economic injury which may result from competition. (Hegeman Farms Corp. v. Baldwin, 293 U. S. 163,170-171.)
The petition fails to set forth facts tending to establish that petitioner will suffer imminent or remote injury by reason of the invasion of a legally protected right. (Matter of Personal Finance Co. v. Lyon, 203 Misc. 710, 715.) And there are no allegations of fact in the petition which, if true, would establish that the respondent Superintendent acted arbitrarily or capriciously. Consequently, the petition is insufficient in law. (Casey v. Conway, 283 App. Div. 1135; Matter of Buck v. Hurd, 281 App. Div. 115.) The cross motion is granted and the petition is dismissed.