Samuel M. Gold, J.
Petitioners, Long Island National Bank and Central Federal Savings and Loan Association of Nassau County, seek to set aside the approval by the State Superintendent of Banks and the Banking Department of an application by Dollar Savings Bank of the City of New York for permission to open a branch office at “ 301 North Broadway, Jericho (unincorporated area), Town of Oyster Bay, Nassau County, New York ”. The grounds upon which the petition is based are twofold: (1) that the proposed site of the branch office is actually located in the unincorporated village of Hicks-ville, where the Long Island National Bank has its principal office, and therefore is prohibited by paragraph (d) of subdivision 2 of section 240 of the Banking Law; and (2) that the public convenience and advantage would not be promoted by the opening of a branch office at the site in question by the Dollar Bank.
Since the copetitioner, Central Federal Savings and Loan Association, does not have its principal office in Hicksville, it has no standing to raise the objection that the proposed site is in Hicksville and not in Jericho. Paragraph (d) of subdivision 2 of section 240, by its terms, protects only a bank, trust company or national banking association whose “ principal ” office is in the village in which another bank seeks to open a branch office.
The contention of Long Island National Bank that the site for the proposed branch office is actually in Hicksville is predicated upon its claim that by practice, custom and usage the Northern State Parkway forms the line of demarcation between Jericho on the north and Hicksville on the south. Petitioner refers to a number of deeds, including the deed to the owner of the site in question, which describe the conveyed properties as being in Hicksville when they are south of the Parkway, and as being in Jericho when they are north of the Parkway. The Superintendent of Banks points out, however, that “ while the Parkway might be considered to be a convenient identifying line, there is nothing in the historical background of the area to indicate that it ever was or ever was intended to be an official line of demarcation ”, for “ both Jericho and Hicksville existed as identifiable areas long before the Northern State Parkway was built ”. Since the Parkway was built comparatively recently, the question of the dividing line must be determined on the basis of more compelling evidence.
*981 The papers submitted in opposition to the present proceeding show that the site of the proposed branch office building is located within the Jericho School District and within the water, fire, school, library and park districts of Jericho, and that the southern boundary lines of these districts are coterminous.
The fact that for some years and until very recently the postal district of the proposed site had been Hicksville is of little consequence, particularly in the light of the fact that it had originally been Jericho and had been transferred to Hicksville for a number of years only because the Jericho post office had not provided “ city delivery ”, which residents of the area of the site desired. The circumstance that tenants of the block involved in the present controversy had listed their addresses as Hicksville in the telephone directory is likewise of little moment, since their post office district at the time the book was printed had been Hicksville and their listings would naturally show their mailing addresses.
Nor does the fact that the parking area for the proposed branch bank building is located south of the line of demarcation between Jericho and Hicksville, and, therefore, in Hicksville, require a holding that the branch office itself is located in Hicksville. A place of business is to be differentiated from the parking area provided for its patrons and may be, as it often is, some distance away from the parking area, with property owned by others in between.
In the court’s opinion, the evidence relied upon for the claim that the site of the proposed building is in Hicksville and not in Jericho is insufficient to raise a triable issue, especially in the light of the official documentary proof that the site is in the Jericho school, fire, water, library and park districts. All the official evidence indicates that the site is in Jericho.
We turn now to petitioners’ claim that opening of the proposed branch would not promote the public convenience and advantage. Neither petitioner has standing to raise this point. The matter is confided by the Legislature to the exclusive discretion of the Superintendent of Banks, and there is not even a requirement that competing banks be heard before an application for a branch office is granted. Petitioners’ attack on the Superintendent’s approval must be dismissed (Matter of Franklin Nat. Bank v. Superintendent of Banks, 40 Misc 2d 565, affd. 20 A D 2d 682; Matter of Nostrand Check Cashing Co. v. Clark, 27 Misc 2d 799, affd. 13 A D 2d 922; Matter of Dairymen’s League Co-op. Assn., 282 App. Div. 69, app. dsmd. 306 N. Y. 595).
The motion is denied in all respects and the petition dismissed.