Harold E. Kokeman, J.
Petitioners, who are owners and operators of pharmacies in the City of New York, seek an order *151 pursuant to article 78, CPLR, annulling and canceling a retail pharmacy license issued by respondent New York State Board of Pharmacy to respondent H. I. P. Drug Plan, Inc. It is contended that the granting of such license or registration was an abuse of discretion on the part of the State Board of Pharmacy since it was issued in violation of the provisions of the Education Law, and, further, petitioners assert that they were entitled to a hearing before said board prior to approval of the licensing of respondent H. I. P. Drug Plan, Inc. Petitioners maintain that they have a right to the relief sought because of the adverse economic impact on their businesses resulting from the licensing of H. I. P. Drug Plan, Inc. It is also urged that the formation of this corporation to engage in the filling of prescriptions for drugs was in violation of the provisions of the Insurance Law and' of the Membership Corporations Law.
This controversy arises out of the program adopted by respondent Health Insurance Plan of Greater New York (hereinafter called H. I. P.) for furnishing drugs for its members. The subscribers to this plan were afforded two options, permitting a choice of having prescriptions filled by H. I. P. Drug Plan, Inc., in which case the full cost of the drugs would be paid by H. I. P., or its subscribers, could have the prescriptions filled by any licensed pharmacist, and, in that case, the patient pays the first $25 of prescriptions in each calendar year and H. I. P. pays 80% of the excess of the cost over $25. The certificate of incorporation of H. I. P. Drug Plan, Inc., setting forth its powers and purposes to engage in the filling of prescriptions and sale of drugs at retail, was approved by a Justice of the Supreme Court and accepted for filing by the Secretary of State, with, the approval of the State Education Department, following which a license was issued authorizing H. I. P. Drug Plan, Inc., to dispense drugs at retail.
Respondents’ answers contain objections in point of law, alleging that the petition fails to state facts to entitle them to the relief sought, and that petitioners are not aggrieved parties, and, therefore, have no status to maintain this proceeding.
Petitioners allege that the option granted to the subscribers by which drugs may be obtained free of charge, if obtained from H. I. P. Drug Plan, Inc., has the effect of depriving them and other community pharmacies within the City of New York of a substantial number of prescriptions which they would otherwise fill were it not for this option. Thus, it is alleged that the operation of a pharmacy by H. I. P. Drug Plan, Inc., if permitted to continue, will cause great harm and injury to petitioners and other pharmacies in the city. It is on this basis that petitioners *152 assert a real and substantial interest in this matter, which they claim gives rise to the right to review the action of respondent State Board of Pharmacy in granting the license in question and to have such license cancelled as having been arbitrarily issued.
It appears that while the application for a license by H. I. P. Drug Plan, Inc., was pending, a committee, with which petitioners are associated, opposed the application and requested a hearing before respondent State Board of Pharmacy. It is noted that petitioners themselves did not request a hearing, but this is not to imply that they would have been entitled to it if they had. The State Board of Pharmacy, acting under the authority granted to that administrative agency by section 6805 of the Education Law which does not require it to hold any hearing, denied the request for such, and granted the license to H. I. P. Drug Plan, Inc.
Petitioners contend that the refusal to afford a hearing in this instance, involving an administrative determination that adversely affects them and in which they have a sufficient stake, was an abuse of discretion and seriously prejudices their rights, even though the statute which authorizes the administrative determination does not require a hearing.
“It is well settled that existing licensees have no standing to maintain a special proceeding to review the granting of an additional license to another, merely because of the economic effect upon them of the additional competition which would result. In Matter of Dairymen’s League Co-op. Assn. v. Du Mond (282 App. Div. 69, app. dsmd. 306 N. Y. 595) the court declared (pp. 73-74):1 The economic interest of the existing licensees in an industry does not entitle them to be heard as a matter of constitutional right before additional members are admitted to the industry * * * The due process clause does not guarantee freedom from the economic injury which may result from competition (Hegeman Farms Corp. v. Baldwin, 293 U. S. 163, 170-171) ’ ”. (Matter of Franklin Nat. Bank v. Superintendent of Banks, 40 Misc 2d 565, 567, affd. 20 A D 2d 682.) To quote also from Matter of Nostrand Check Cashing Co. v. Clark (27 Misc 2d 799, 800, affd. 13 A D 2d 922): “ The mere fact that a person is a licensee in an industry is not sufficient to entitle him to be heard; as a matter of constitutional right before others are admitted into the industry and possible economic injury to petitioner does not cloak it with the status of an ‘ aggrieved person ’. * * * Our process of law does not guarantee freedom from the economic injury which may result from competition.” Thus, the petition fails to set forth facts *153 to establish that petitioners will suffer imminent or remote injury by reason of the invasion of a legally protected right (Matter of Nostrand Check Cashing Co. v. Clark, supra), and,, under the controlling authorities, they are not aggrieved parties entitled to maintain this proceeding.
In view of this conclusion it becomes unnecessary to pass upon any other issues. Accordingly, the petition is dismissed.